## SALZMAN v. LONDON COAT OF BOSTON, Inc.

### No. 3372.

District Court, D. Massachusetts.

Sept. 25, 1945.

Meyer H. Goldman, of Boston, Mass., for plaintiff.

Edward O. Proctor, Ropes, Gray, Best, Coolidge & Rugg, Charles M. Goldman, and Slater & Goldman, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

This action was originally brought by the plaintiff to compel the defendant to re-employ him as its New York sales representative, and to recover damages for the defendant's failure to employ him. Jurisdiction of this Court was invoked under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 308. The defendant denies its liability either to re-employ the plaintiffs for the damages sought.

### Findings of Fact

The defendant is a manufacturer of raincoats and other garments with its place of business in Boston, Massachusetts. Much of its product is manufactured here by other subcontractors. Since February 2, 1942, it has maintained a New York sales representative, and it is this position which was originally sought in this action by the plaintiff.

When the defendant opened its New York sales office on February 2, 1942, it employed as its representative one Milton Winick. Winick's contract is almost identical with the one later given to this plaintiff and, in substance, is a contract terminable at the will of either party. Winick continued as the New York sales representative of this defendant until May 22, 1942, when he was inducted into the United States Army. On August 23, 1943, Winick was honorably discharged from the army and he immediately made application for re-employment with the defendant as its New York sales representative. His application was acted upon favorably and, sometime in September, he returned to his old position and is presently employed there.

In June, 1942, after Winick had been inducted into the service, this plaintiff applied to the defendant for employment. On July 28, 1942, a contract was entered into between the parties similar to the one that had been entered into between Winick and the defendant. It is uncertain whether or not this plaintiff knew, when he first negotiated with the defendant for the position, that the vacancy into which he was to step had been occasioned by Winick's going into the army, but, in any event, on July 28, 1942, when he signed his formal contract with the defendant, he did know that Winick was on temporary leave from the company and in the military service, and that he was filling Winick's job in his absence. Previous to that time he had talked with Winick in the firm's New York office.

On or about July 14, 1943, this plaintiff was inducted into the United States Army, and on November 16, 1944, was honorably discharged therefrom. At that time he sought re-employment with the defendant company and was offered a position at the factory in Boston for a period of a couple of months, the purpose of such employment being to reorganize the sales and accounting system of the defendant in its home office. Shortly thereafter, on November 22, 1944, the plaintiff wrote the defendant a letter in which he set forth an alleged résumé of their oral negotiations. It was to the effect that his employment in Boston was to be merely a stopgap

and that "Although we left this in abeyance, I expect that by the turn of the new year you will have made final arrangements for me to again take over the New York office as before". On receipt of that letter the defendant immediately dispatched a telegram to the plaintiff as follows:

"Relet We have absolutely no arrangements with you other than the work in Boston as discussed between us on weekly salary basis only for the next couple of months. New York office job is not open now and we do not expect to make any changes in the near future. As you know our New York representative who was formerly in the army and for whom you substituted has returned to his old position."

There is no merit to this plaintiff's claim. The defendant had but one sales representative in New York. At the time that this plaintiff took the position he knew, or should have known, that it was a temporary one pending the return of Winick. Indeed, the defendant was under obligation to employ Winick and has discharged this obligation. No contract that it could have made with the plaintiff could have relieved it of the obligation imposed by the statute in question. Since the defendant had but one position to be occupied and both men have claimed it, it naturally follows that the position rightfully belongs to Winick, and that the defendant is under no compulsion to offer re-employment to this plaintiff.

### Conclusions of Law

I find and rule that the plaintiff was a temporary employee of the defendant during the period that he was in charge of the New York office and as such, under Section 308(b), is not entitled to the claimed relief.

The plaintiff has not availed himself of the provisions of Section 308(e) by which he could have filed his suit through the office of the United States Attorney and, hence, is not entitled to the benefits of the provisions, which state that court costs shall not be taxed against a person so applying for the benefits. Judgment is to be entered for the defendant with costs.

In open court the plaintiff waived his claim for re-employment. In view of the above decision in the case, it is unnecessary to adjudicate the question as to whether this Court has jurisdiction to maintain a mere claim for money damages, due to an alleged failure to re-employ.