## JOHNSON v. INTERSTATE TRANSIT LINES.

### Civ. No. 936.

District Court, D. Utah, Central Division.
April 10, 1946.
Judgment Affirmed June 12, 1947.

O. K. Clay, Asst. U. S. Atty., of Salt Lake City, Utah, for plaintiff.

H. B. Thompson and Bryan P. Leverich, both of Salt Lake City, Utah, for defendant.

JOHNSON, District Judge.

This cause coming regularly on for hearing before the Court, sitting without a jury, and the Court having heard the evidence and arguments of counsel, does make and enter the following findings of fact:

First. The jurisdiction of the Court is derived through the Selective Training and Service Act of 1940, as amended, Section 8 thereof.

Second. The Interstate Transit Lines, a corporation, defendant herein, maintains a place of business at Salt Lake City, Utah, within the Central Division of the State and District of Utah.

Third. That on the 9th day of March, 1942, the plaintiff was employed by the Union Pacific Stage Company, a corporation, predecessor in operation of the defendant herein, as a student driver of a stage line bus under the terms of a written agreement embraced in plaintiff's application for employment, and signed by him, which said agreement provided:

"When this Application Blank is properly filled out, the applicant may be allowed to enter the service on probation, provided there is need for his services and he has passed a satisfactory examination, but it must be distinctly understood that before he can be considered an accepted employe, the written approval of employing officials must be obtained. * * *

"It is understood that the term of my employment is subject to the decision of the Company and no permanent employment has been contracted for."

That the plaintiff on the 10th day of March, 1942, pursuant to the terms of said application, began service or employment by said Union Pacific Stage Company as a probationary driver of a bus and continued to and including June 2, 1942 as a probationary driver, during which said time his services were satisfactory.

That on June 2, 1942 plaintiff's employment ceased and he was inducted into the armed forces of the United States under the provisions of the Selective Training and Service Act of 1940 as amended, [50 U.S.C.A.Appendix, § 301 et seq.]

At all of the times hereinbefore mentioned there was in effect an agreement between the Union Pacific Stage Company (also Interstate Transit Lines) and Division No. 1126 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employes of America, which said agreement contained the following provisions:

"All employees who are now members and all employees who may hereafter become members of the Association shall remain members in good standing as a precedent to continued employment with the Company. New Employees who are eligible to membership in the Association shall within ninety (90) days of their date of employment become members and remain members in good standing as a condition precedent to continued employment with the Company.

"Any employee suspended or discharged and later found not sufficiently guilty to warrant such suspension or discharge shall be reinstated in his former position with continuous seniority rights and paid for all lost time at his regular rate.

"No employee with more than ninety (90) days of service will be disciplined or discharged without a fair and impartial hearing by his Superintendent or Supervisory Officer where requested. Suspension in proper cases pending hearing will not be considered a violation of this principle."

Said agreement is and was at said time what is known as a "Closed Shop Agreement." Had the plaintiff continued in his employment with the Union Pacific Stage Company as a probationary driver until the expiration of ninety days from the date of his original employment on March 10, 1942, and had been accepted by and joined said Union, he would then have been entitled under the established rules and practices of said company relating to employees to be accepted as a regular driver, but not otherwise. That the plaintiff was not accepted by and did not become a member of said Union prior to his induction into the armed forces of the United States on June 2, 1942.

Fourth. That Interstate Transit Lines, a corporation of Nebraska, defendant herein, became the successor in operation to said Union Pacific Stage Company; that the Union Pacific Stage Company is owned by the Union Pacific Railroad Company, a corporation, and said Union Pacific Railroad Company owns a majority of the capital stock of the Interstate Transit Lines.

Fifth. That if the plaintiff had not been inducted into the armed forces of the United States until a time subsequent to June 7, 1942, and his services had continued to be satisfactory from June 2, 1942 to and including June 7, 1942, and he had been accepted by and become a member of the aforesaid Division No. 1126 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, he would have completed service entitling him to a seniority date of March 9, 1942 pursuant to the established rules and practices of said Union Pacific Stage Company and said Union, but the plaintiff never became a member of said Union prior to the time of his induction into the armed forces of the United States and, for want of proof, it cannot be said whether or not his services from June 2, 1942 to June 7, 1942 would have been entirely or otherwise satisfactory to his employer.

Sixth. That on November 2, 1945 the plaintiff, after having satisfactorily completed his period of training and service in the armed forces of the United States, was honorably discharged from the military service of the United States, and on November 8, 1945 made application to the Interstate Transit Lines, a corporation, de-

fendant herein, for employment by said company and said company did employ said plaintiff as a new employee in the capacity of driver of stage line bus under the terms of a written application for employment which contained the same language and conditions as those contained in his application to the Union Pacific Stage Company for employment hereinbefore recited. That said defendant refused to employ said plaintiff under any other terms and conditions and refused to date his employment from March 9, 1942, but required him to serve a ninety day period as a probationary driver from the 8th day of November, 1945, which said period of probation plaintiff did serve, and thereafter, to-wit, on or about February 8, 1946, having been accepted by and become a member of said Division No. 1126 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, he was accepted and employed as a regular driver, which said position the plaintiff held at the date of trial of this suit.

Seventh. That plaintiff requested the defendant to consider plaintiff's service in the armed forces of the United States as though he had been on furlough or leave of absence during such period of active military service and to establish his seniority with the same force and effect as if he had completed ninety days of satisfactory service prior to the termination of his services by the Union Pacific Stage Company and induction into the armed forces of the United States and acceptance in and becoming a member of said Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America prior thereto, and that said request was denied by the defendant herein.

## Conclusions of Law

The plaintiff has failed to prove that he had established seniority prior to his induction into the armed forces of the United States on June 2, 1942, or that he has been injured or prejudiced by the failure or refusal of the defendant to comply with his request or demand that the defendant credit him, on account of seniority, with his previous employment or service with the Union Pacific Stage Company, and that the defendant is entitled to judgment herein dismissing the plaintiff's said complaint.

## Judgment

Upon the facts found by the Court, the defendant is, by virtue of the law and the findings herein, entitled to judgment dismissing the plaintiff's complaint, and it is

Ordered, adjudged and decreed that the plaintiff take nothing by reason of this action, and that said action be and the same hereby is dismissed.