### MORGAN v. WHELAND CO.
No. 789.

District Court, E. D. Tennessee, S. D.
June 6, 1946.

DARR, District Judge.

The plaintiff sues the defendant for re-employment, depending therefor upon the provisions of Section 8 of the Selective Training and Service Act of 1940, as amended, Title 50 Appendix, Sec. 308, U.S.C.A. The plaintiff is a veteran and entitled to the benefits of the Act. The defendant's first defense is that the plaintiff held a temporary position at the time he left its employment to join the army.

The plaintiff was employed in the defendant's regular shops where he worked for a period and was thereafter transferred to a new shop set up to manufacture 90 M/M guns. The facilities for the manufacture of the guns were temporary, and work therein was over at the cessation of combat.

The defendant contends that the plaintiff was employed for work in the gun shop, and that this situation is reflected on their books, but the plaintiff was not advised as to this reservation or private arrangement made by the defendant. He was employed as a regular employee in the permanent shop and was not told anything to the contrary. Neither the original contract nor a change thereof can be effected unilaterally.

Neither do I think that the plaintiff impliedly consented to be changed from a permanent position to a temporary position by leaving the regular shop to work in the gun shop. Perhaps some older employees of the defendant were assigned to the gun shop, and certainly they did not lose seniority by such action.

The word "position" in the Act means the employment and not the particular job the employee was performing. Very obviously, an employee with a permanent position could be assigned to a temporary job.

I would think that if an employee had been employed for the gun shop at the outset and worked therein, such employee would have held a temporary position, but I believe that an employee who was employed in the regular shop and transferred for work in the gun shop continued to have a permanent position.

J. B. Frazier Jr., U. S. Dist. Atty., of Chattanooga, Tenn., for plaintiff.

Spurlock, Spears, Reynolds & Moore, of Chattanooga, Tenn., for defendant.

Therefore, I conclude that this plaintiff did have a permanent position at the time he was inducted into the armed services, and that he is entitled to a position of like seniority, status and pay. I think that such position of like seniority, status and pay would be on work on a machine in the regular shop similar to the machine at which the plaintiff worked when he left the employment, or something of like nature.

But this conclusion is reached with the provision that there is such position not held by someone senior in employment to the plaintiff. Fishgold v. Sullivan Drydock & Repair Corporation et al., 66 S.Ct. 1105. From the proof that has been adduced, I am unable to determine whether there is such position available. The proof does not disclose, according to my recollection, the seniority status with clearness. It will be recalled that this second defense was raised by amendment at the time of trial.

If it can be that the parties and their attorneys can work out this question, well and good. But if no agreement can be reached, let notice be given to the Court and a date will be set for a hearing on this question.