**SALZMAN v. LONDON COAT OF BOSTON, INC.**

No. 4151.

Circuit Court of Appeals, First Circuit.

July 24, 1946.

Meyer H. Goldman, of Boston, Mass., for appellant.

Edward O. Proctor, of Boston, Mass. (Charles M. Goldman, of Boston, Mass., on the brief), for appellee.

Before EDGERTON, MAHONEY, and WOODBURY, Circuit Judges.

EDGERTON, Circuit Judge.

This is a suit by a war veteran to compel his former employer to reemploy him, and to recover damages for failure to reemploy him. Selective Training and Service Act of 1940, as amended, 58 Stat. 798, 50 U.S.C.A.War Appendix, § 308(b, e). The veteran appeals from a judgment for the employer. D.C., 62 F.Supp. 371.

The Act creates a right to reemployment, in certain circumstances, if the position the veteran left to enter military service was "other than a temporary position." The written contract under which appellee was employing appellant at the time of his induction into the army contained no provision regarding termination. The employment was therefore terminable at the will of either party. It does not follow that appellant's position was, or that it was not, temporary within the meaning of the Act. But the District Court found, on sufficient evidence, that the position was temporary, pending return from military service of one Wimick, as appellant knew or should have known, and that before appellant asked appellee to reemploy him Wimick had been discharged from the army and appellee had reemployed Wimick. Wimick's reemployment had continued for more than a year, and the Act protects a reemployed veteran from discharge without cause for one year only. But this is immaterial. It is also immaterial whether Wimick was entitled to be reemployed at all, and whether it was either "impossible or unreasonable" for appellee to accede to appellant's demand. Since appellant's former position was a temporary one, the Act gives him no right to reemployment under any circumstances.

On May 27, 1946, after the trial of this suit in the District Court, the Supreme Court decided Fishgold v. Sullivan Drydock & Repair Corporation, 66 S.Ct. 1105. In the light of that decision, the District Court erred in awarding costs to appellee. Appellant's other assignments of error are without merit.

The judgment of the District Court is reversed in so far as it awarded costs to the appellee; in all other respects it is affirmed.