### DESBROW v. SMART & FINAL CO., Limited.
### Civil Action No. 5440.

District Court, S. D. California, C. D.
Oct. 16, 1946.

James M. Carter, U. S. Atty., Ronald Walker, Asst. U. S. Atty., and James C. R. McCall, Jr., Asst. U. S. Atty., all of Los Angeles, Cal., for petitioner.

Williamson, Hoge & Curry, Kenneth O. Rhodes, and Willard R. Pool, all of Los Angeles, Cal., for respondent.

J. F. T. O'CONNOR, District Judge.

The petitioner, Paul Howard Desbrow, brings this action seeking re-employment as a military veteran to a position as bills payable clerk and office manager at $225 per month salary, under the provisions of 50 U.S.C.A. Appendix, § 308(e). He also seeks compensation for his loss of wages suffered by reason of the refusal of such re-employment between January 13, 1946, and July 1, 1946. On the last mentioned date he secured other employment at equal pay.

The sole defense is that the veteran's former position with defendant company was temporary.

There was considerable conflict in the testimony.

The court finds that Harry Jones, an employee of the defendant company for sixteen years, who occupied the position of office manager and bills payable clerk, had been taken ill in October, 1944, with a serious illness. On November 28, 1944, petitioner, Desbrow, applied to the local manager of defendant company, Julius N. Peterson, for a position. Peterson told Desbrow that Harry Jones was ill and Desbrow was given an opportunity to qualify until Jones returned, and was paid the same as Jones had received — a salary of $225 per month.

Desbrow entered the armed forces of the United States on January 15, 1945, and was honorably discharged on December 30, 1945. He requested reinstatement to his former position in January, 1946. Harry Jones had recovered and assumed his duties with the defendant corporation. Desbrow had been employed by the defendant on a temporary basis, and had occupied the position for one month before entering the army.

The evidence further shows that Desbrow was offered three positions, but demanded the position he had held temporarily which, if given to him, would have required the dismissal of Jones. The three positions offered, all on an hourly basis, as required by the Government, would have given Desbrow approximately the same amount of compensation as he had received during his temporary employment.

During the first six months of 1946, Desbrow was employed in various other positions: The War Assets Corporation as price consultant for three weeks at $90 per week, and he testified that since July 1,

1946, he has been acting as a real estate broker and has received $1,000 per month up to the date of trial.

Judgment is ordered for the defendant, with costs.