**LESHER v. P. R. MALLORY & CO., Inc.**

**KUHN v. SAME.**

**ESTES v. SAME.**

No. 9373–9375.

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1948.

B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., Elba L. Branigin, Jr., of Franklin, Ind., and Maurice W. Graston, Asst. U. S. Atty., of Indianapolis, Ind., for appellants.

Hubert Hickam, Alan W. Boyd, Thomas M. Scanlon, Frederic D. Anderson, and Lewis C. Bose, all of Indianapolis, Ind., for appellee.

Before MAJOR, KERNER and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

Each of the three plaintiffs filed in the District Court a petition for enforcement of veterans' rights under the Selective Training and Service Act of 1940, as amended, Title 50 U.S.C.A. Appendix, § 308. It was sought in each case to require the defendant to restore the plaintiffs to the positions they held at the time of their induction into military service, or to positions of like seniority, status and pay, and an award for damages for the loss of wages suffered by reason of defendant's action in refusing re-employment. The identical legal question, as well as a similar factual situation, being present in each case, they were consolidated in the court below and heard together. For the same reason, the separate appeals have been consolidated here.

Sec. 308(b) provides: "In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year * * *."

Admittedly, plaintiffs meet the requirements of conditions (1), (2) and (3), which obviates the necessity for a statement of facts relative thereto. The sole issue raised and decided in the court below was whether

the plaintiffs at the time they left their employment with the defendant for the purpose of being inducted into the military service left a position "other than a temporary position." Likewise, this is the sole issue presented on this appeal.

The District Court made findings of fact in each case adverse to the plaintiffs, and concluded as a matter of law that they were temporary employees and not entitled to relief. The plaintiff Lesher, after having been employed by the defendant on numerous occasions, which employment was severed either for lack of work or by his voluntary act, was re-employed by the defendant on January 11, 1944. After working 77 days he left to enter military service on March 27, 1944. Plaintiff Kuhn was employed by the defendant on July 9, 1943, and after working 50 days left to enter the military service on August 27, 1943. Plaintiff Estes was employed by the defendant on September 14, 1944, and after working 33 days left to enter the military service on October 16, 1944.

The defendant operated a closed shop under an agreement dated May 22, 1942, with the United Electrical, Radio, and Machine Workers of America, Local No. 1001. This agreement expired on May 31, 1944, and as of that date a new agreement was entered into between the defendant and the union. The former contract was in effect when plaintiffs Lesher and Kuhn left to enter military service, and the latter when plaintiff Estes left to enter military service. The only difference between the two contracts which need here be mentioned is that the 1942 contract required an employee to be in the service of the company for 90 days and the 1944 contract for 60 days before such employee was entitled to seniority rights. While the union was the bargaining agent for all of the defendant's employees, including plaintiffs, no employee was entitled to any of the numerous rights or privileges provided in the contract until he had attained a seniority status. On or before that time, an employee was required to become a

member of the union, and until that time the defendant had the right to discharge the employee with or without cause and without interference on the part of the union. Each new employee at the time of his employment was furnished with a copy of the contract between the defendant and the union.

Plaintiffs make no contention that the findings are not substantially supported, but the effect of their argument is that the court erred in its ultimate finding or conclusion that plaintiffs at the time they entered military service left a position "other than a temporary position." We think we can do no better in describing the facts and circumstances concerning and connected with the nature of plaintiffs' employment than to quote the finding of the District Court relative thereto. As to the plaintiff Kuhn the court found:[1]

"That petitioner had been in the employ of respondent for fifty days before leaving to enter the military service of the United States; that the terms and conditions of the petitioner's employment were fixed by the collective bargaining agreement between the union and respondent. That at the time when petitioner was employed he, as well as all new employees, was employed on trial during a probationary period of ninety days during which period he had no seniority rights; that lay-offs of employees with seniority rights were subject to review under the grievance procedure set forth in the agreement, but that lay-offs of employees without seniority rights were not; that when the respondent wished to discharge an employee with seniority rights, the agreement provided that an opportunity should be given for a joint investigation by the union and the respondent as to the sufficiency of the reason for discharge, and if they could not reach a decision with respect to the discharge of an employee with seniority rights, then the matter was subject to review under the grievance procedure, but the discharge of employees without seniority rights was not subject to

---

[1] The same finding was made as to each of the other plaintiffs except that the plaintiff Estes was employed under the 1944 contract with its 60-day probationary period while the plaintiffs Lesher and Kuhn were employed under the 1942 contract with its 90-day probationary period.

such investigation and review; that employees with seniority rights were entitled to leaves of absence, but employees without seniority rights were not. That petitioner came within the latter class, i. e., that he had no seniority rights. That petitioner was not dismissed from the employ of respondent, but left voluntarily in order to enter the military service of the United States.

"That under the terms and conditions of his employment the petitioner, during his first ninety days of employment was on probation; that the probationary character of his employment made his position a temporary one within the terms of the Selective Service Act; that since the position which petitioner left was a temporary position, respondent was not compelled under the Act to restore him to such position or to any other position."

As to the meaning to be attributed to "a position other than a temporary position," plaintiffs contend, as we understand, that the controlling words of this phrase are "a position," and that if the position is permanent it is immaterial as to the relation which the employee sustains thereto. In other words, if a postition is permanent, the employment is not temporary, regardless of its character. On the other hand, it is defendant's contention that the controlling factor is the employment relationship, even though the position itself may be permanent.

Plaintiffs are not only confronted with the findings made by the court below but cite no authority which supports their contentions. In fact, the weight of authority, although not too decisive, points in the opposite direction.

■ Plaintiffs cite and rely upon Fishgold v. Sullivan Corporation, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110. Other than the statement that the legislation is to be liberally construed for the benefit of the veteran, there is no comfort in this case for plaintiffs. There, the veteran had been re-employed and the question concerned his seniority rights as contrasted with those of other employees. In short, the decision was to the effect that the seniority rights which the veteran had at the time he was inducted into the military service continued to accrue so that after his re-employment his seniority status was the same as if he had not been absent because of such service. It was in this connection that the court stated (328 U.S. at page 284, 66 S.Ct. at page 1111, 90 L.Ed. 1230, 167 A.L.R. 110): "Thus he does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war."

The weakness of the plaintiffs' contention in the instant case is that they were not on the "seniority escalator" when they left their employment to join the service. Further, in discussing the Act, the court used language which we think is pertinent here. The court stated (328 U.S. at page 285, 66 S.Ct. at page 1111, 90 L.Ed. 1230, 167 A.L.R. 110): "But we would distort the language of these provisions if we read it as granting the veteran an increase in seniority over what he would have had if he had never entered the armed sevices. * * * No step-up or gain in priority can be fairly implied. Congress protected the veteran against loss of ground or demotion on his return. The provisions for restoration without loss of seniority to his old position or to a position of like seniority mean no more."

■ As we read this decision, it is that a veteran is entitled to be restored upon his return from military service only to the same status which he occupied before. To put it more directly, he is entitled to be restored to the same status which he would have occupied had his employment been uninterrupted by military service. The court expressly used as the starting point or the basis for his claim the status which he occupied at the time he left for military service. It seems plain from this reasoning that if the veteran had no seniority status at the time he left his employment for military service that he acquired none while in such service. Thus, the plaintiffs if they had been reemployed would have had no seniority standing because they had none when they left for military service. At most, if entitled to restoration, it would be only to the positions they held at the time they left for

service, without seniority rights. It may be this reasoning somewhat begs the question, but plaintiffs contend not only that they were entitled to be restored to their positions but that they were entitled to seniority rights which they would have attained had they remained in the defendant's employment. Certainly the Fishgold case is against them on the latter contention.

The interpretation to be given to the words "temporary position" has been considered by a number of courts. It has been held that the word "position" means the employment and not the particular job the employee was performing. David v. Boston & M. R. R., D.C., 71 F.Supp. 342, 345; Morgan v. Wheland Co., D.C., 66 F.Supp. 439, 440; Desbrow v. Smart & Final Co., Ltd., S.D.Cal., 1946, 76 F. Supp. 500; Salzman v. London Coat of Boston, Inc., 1 Cir., 156 F.2d 538. In the latter case, one Wimick was regularly employed by the defendant and upon his induction into the military service Salzman was employed to take his place under a written contract which contained no provision regarding termination. Later, he left for military service. When Wimick returned he was restored to the position and later Salzman returned and claimed that he was entitled to be restored. The court held that while the position was permanent the employment of Salzman to fill such position was temporary and that he was not entitled to the benefits of the Act.

That plaintiffs were employed on a trial or probationary basis of 90 (or 60) days is not open to question. This is shown not only by the contracts between the defendant and the union but by the testimony of defendant's personnel director. It was testified by the latter that it was defendant's policy as an employee's probationary period neared its end to obtain a report from his foreman with the view of ascertaining if his work was satisfactory. If so, his employment continued, provided he had become a member of the union in the meantime; otherwise, he was let go. Plaintiffs argue that they "were giving satisfactory service and surely would have attained seniority if the draft had not prevented it." That, of course, is in the realm of speculation and does not aid plaintiffs' cause.

The purpose of the Act, as we have shown, was to preserve for veterans upon their return the employment status they occupied at the time they left for military service, and not to create a status which they never had, even though it might have been attained had they not been called.

Two cases have held probationary employees as temporary employees under circumstances quite similar to the instant case. Johnson v. Interstate Transit Lines, D.C., 71 F.Supp. 882, and Doyle v. Division No. 1127, etc., et al., May 17, 1947, District Court W.D.La., 76 F.Supp. 655. In both cases it was held that probationary employees after returning from service were not entitled to a restoration of their seniority rights and the decisions were based largely upon contracts which existed between the employer and the union which the courts considered as determining the plaintiffs' employment relationship.

We conclude that the judgments in each case are supported by the law and the evidence. They are affirmed.