**HOWIE v. LANCE, Inc.**

No. 5833.

United States Court of Appeals
Fourth Circuit.

Jan. 24, 1949.

William H. Abernathy and H. Haywood Robbins, both of Charlotte, N. C., for appellant.

Frank H. Kennedy, of Charlotte, N. C., (Marcus T. Hickman, of Charlotte, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

In his complaint, in a civil action in the United States District Court for the Western District of North Carolina, plaintiff, H. D. Howie, alleged that defendant, Lance, Inc., refused to restore plaintiff (after his return from naval service) to the position held by him at the time of his induction into the naval service of the United States. This civil action was brought under Section 8(b) of the Selective Service and Training Act of 1940, 50 U.S.C.A.Appendix, § 308(b).

Under the terms of this Act, it was necessary for plaintiff to show that the position he held at the time of his induction was other than temporary. The exact words of this statute are: "In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer * * *." The case was heard by the District Judge, sitting without a jury; the Judge dismissed plaintiff's action on the ground that plaintiff's position as salesman with defendant, at the time of his induction into the naval service, was temporary. Plaintiff has duly appealed to us.

Plaintiff, in July 1941, was employed by defendant as a truck driver, and continued in that position until January, 1943. Then, when defendant's regular salesman in the Rockingham territory, James Perry, was inducted into the armed services of the

United States, plaintiff was transferred to Perry's position and continued in that position until March, 1944, when he was inducted into the United States Navy.

Plaintiff was discharged from the Navy in November, 1944, and soon thereafter applied for the position of salesman for defendant in the Rockingham territory. Defendant's president informed plaintiff that this position was then held temporarily by Bill Washam, pending the return of Perry, the regular salesman; that plaintiff's position as salesman had been only temporary and that, accordingly, defendant could not give plaintiff the position as salesman for the Rockingham territory. Defendant then offered to restore plaintiff to his original position as truck driver, which offer plaintiff declined.

There was evidence that plaintiff knew, at the time he replaced Perry, that Perry expected to resume the position of salesman upon his return from the armed services of the United States. Perry did so return in December, 1945, was restored to his position as defendant's salesman for the Rockingham territory and has continuously held this position.

Before Perry left defendant's employ to enter the armed services, plaintiff had occasionally relieved defendant's salesmen who were sick or temporarily unable to work their territories. Plaintiff seeks to find in this service the basis for restoration to a position of "relief salesman." His argument then continues that, as relief salesman, he would be senior to Bill Washam and therefore would be entitled to hold the position of salesman in the Rockingham territory pending Perry's return. We see no validity in this argument.

While plaintiff was serving as relief for the regular salesmen, he was carried on the records of defendant as a truck-driver and received only the pay of a truck-driver. All of defendant's salesmen worked on a commission basis in specified territories. Plaintiff was placed on a commission basis only from the time he replaced Perry. The evidence showed that it was defendant's practice to use truck-drivers to relieve its salesmen, that while so engaged the reliefs retained their status as truck-drivers and

that there was no such position with defendant as "relief salesman."

Van Every, defendant's president, testified that while plaintiff was serving in Perry's position, he was carried on the records of the company as temporary salesman and was clearly informed that his position as salesman for the Rockingham territory was purely temporary. Further testimony, confirming that of Van Every, was given by Taylor, sales manager of defendant, and by Mrs. Faulkner and Mrs. Carroll, both employees of defendant. Against all this evidence was opposed only the testimony of plaintiff. There was evidence, too, that plaintiff approached both the United States District Attorney and the Selective Service Board seeking aid for his restoration to the position of salesman for defendant, and that, after due investigation, the matter was dropped by both these offices.

The District Judge made this finding of fact:

"2. At the inception of his employment as salesman the plaintiff knew that he was taking over the position of Perry, and that his employment in the capacity of salesman was on a temporary basis, and the records of the defendant made at the time showed such employment * * * as salesman to be temporary."

And the District Judge set out this conclusion of law:

"2. The position which plaintiff left to enter the service, that is, the position as salesman in the Rockingham territory, was not 'a position other than a temporary position' within the meaning of the law, and the plaintiff was not entitled to be restored thereto upon his application within ninety days after his discharge from the service."

We must uphold this finding of fact, sustain this conclusion of law and affirm the decision of the District Court. See Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A.

Webster defines "temporary" as "lasting for a time only; existing or continuing for a limited time; intended to last for a time only; not permanent; unsubstantial or transient; transitory, or fleeting."

Black's Law Dictionary defines "temporary" as "that which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in its duration." Cf. Ballentine, Law Dictionary with Pronunciations. It seems clear that the position which plaintiff occupied as salesman in defendant's Rockingham territory falls well within these definitions.

We think the decision below finds adequate support in the decided cases. Thus, in Salzman v. London Coat of Boston, Inc., 1 Cir., 156 F.2d 538, 539, affirming D.C., 62 F.Supp. 371, certiorari denied 329 U.S. 806, 67 S.Ct. 501, 91 L.Ed. 688, Circuit Judge Edgerton said:

"But the District Court found, on sufficient evidence, that the position was temporary, pending return from military service of one Wimick, as appellant knew or should have known * * *. Since appellant's former position was a temporary one, the Act gives him no right to reemployment under any circumstances."

See, also, the language used by Circuit Judge Magruder in Trusteed Funds, Inc. v. Dacey, 1 Cir., 160 F.2d 413, 418. And see, Lesher v. P. R. Mallory & Co., 7 Cir., 166 F.2d 983; Doyle v. Division No. 1127, D.C., 76 F.Supp. 655, affirmed 5 Cir., 168 F.2d 876; Gualtieri v. Sperry Gyroscope Co., D.C., 67 F.Supp. 219; Olin Industries, Inc. v. Barnett, D.C., 64 F.Supp. 722. Apposite in this connection, too, is Selective Service Board, Local Board Memorandum No. 190-A, 4, which reads in part:

"Position other than temporary, (b) Generally speaking, one who is employed to fill the place made vacant by a person entering service, occupies a temporary status and has no reemployment rights even though he subsequently enters service. There may be exceptions to this, however, for example: suppose that A, a permanent employee, enters service and B, also a permanent employee, is up-graded or transferred into A's place, and then enters service; if they return, they are entitled to reinstatement to their original permanent positions. * * *"

Plaintiff endeavored to make much of the fact that, as salesman, he was required to furnish his own truck and, accordingly, purchased a truck when he assumed the duties of salesman in the Rockingham territory. The evidence showed, however, that it was the practice of defendant to require all of its salesmen, whether permanent or temporary, to furnish their own trucks. When plaintiff was inducted into the armed services, defendant bought this truck back from plaintiff, paying plaintiff therefor the O. P. A. ceiling price. Though this incident may have some probative force, we think, as did the District Judge, that the truck incident, considered in the light of the whole picture, was insufficient to turn the scales in favor of the plaintiff.

The judgment of the District Court is affirmed.

Affirmed.