**MEREDITH**
v.
**INDUSTRIAL RAYON CORP.**
No. 24689.

United States District Court
N. D. Ohio, E. D.
Oct. 3, 1949.

Don C. Miller, U. S. Atty., Cleveland, Ohio, for plaintiff.

Frank C. Heath, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This matter was decided by Judge Wilkin on December 22, 1948, but, subsequently, on March 9, 1949, he vacated this opinion and had the matter re-submitted upon briefs. It, therefore, appears that the matter is now before the court for decision on the pleadings, the stipulation of facts, and the briefs.

No question is presented as to the re-employment of the plaintiff as provided by Title 50 U.S.C.A.Appendix, § 308. This action is for additional compensation and certain rights to which the plaintiff would be entitled under the seniority which he asserts was denied by the defendant.

It is agreed by the parties that the plaintiff was employed by the defendant from February 2, 1943 to May 2, 1943. This is less than the six-month employment period required by the union agreement to bring the defendant within its terms. The plaintiff contends that his employment by the defendant company at the time of his induction was such that he continued as an employee within the terms of the agreement after his induction and obtained seniority rights which entitled him to employment in such a preferred status upon his return from service.

An examination of the authorities and the union agreement leads the court to the conclusion that the plaintiff did not acquire seniority rights under the agreement before he had completed six months of employment. So far as the agreement provides he was on a trial or probationary basis. Seniority rights do not accrue under these circumstances while the plaintiff is in the service and not employed by the defendant. The statute provides for the re-instatement of the employee without loss of seniority and this the defendant has done.

The court is in agreement with the statement of Mr. Justice Douglas in the case of Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, at page 284, 66 S.Ct. 1105, at page 1111, 90 L.Ed. 1230, wherein this statement is found:

"Thus he does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war."

In this case, however, the court is of the opinion that the plaintiff never got on the "seniority escalator".

The court is of the opinion that the case of Lesher v. P. R. Mallory & Co., Inc., 7 Cir., 166 F.2d 983 states the correct law as it is applicable to this case.

An order may, therefore, be prepared entering judgment for the defendant.