## VENZEL v. NATIONAL TUBE CO.
### Civ. A. No. 27961.

United States District Court
N. D. Ohio, E. D.

Sept. 29, 1952.

James C. Davis, of Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant, National Tube Co.

John S. Mudri, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff, John A. Venzel.

McNAMEE, District Judge.

Invoking the provisions of Section 8 of the Selective Training and Service Act of 1940, Tit. 50 U.S.C.Appendix, § 308, as amended, 50 U.S.C.Appendix, § 357,[1] plaintiff seeks to have his seniority rights as an employee of the defendant fixed as of June 16, 1943.

In its answer defendant admits all the material allegations of the complaint but denies that plaintiff is entitled to the relief sought. The questions here presented arise upon defendant's motion for judgment on the pleadings.

Plaintiff contends that a material issue of fact is presented by defendant's denial of the allegation in the complaint "That the plaintiff was originally hired by the defendant on June 16, 1943 at Lorain, Ohio for a position the duties and functions of which were permanent in nature and which still exists in the employ of the defendant."

However, there is no dispute about the applicable provisions of the agreement governing the plaintiff's status as an employee at the time of his separation from his original employment; nor is there any dispute about the facts relating thereto. Therefore no genuine issue of material fact is raised by the denial of the above-quoted allegation in the complaint.

Plaintiff originally became an employee of the defendant on June 16, 1943. His period of continuous employment terminated 89 days thereafter, on September 13, 1943, when he entered the military service. During this period the collective bargaining agreement of September 1, 1942 between the union and the defendant was in effect. Among other things it provided that:

"New employees and those hired after a break in continuity of service will be regarded as probationary employees for the first three (3) months of their employment and will receive no continuous service credit during such period. Probationary employees may be laid off or

1. Now 50 U.S.C.A.Appendix, § 459.

discharged as exclusively determined by Management, provided that this provision will not be used for purposes of discrimination because of membership in the Union. Probationary employees continued in the service of the Company subsequent to three (3) months from date of original hiring shall receive full continuous service credit from date of original hiring."

Plaintiff was honorably discharged from the military service in May, 1946 and again hired by defendant on May 28, 1946. At that time he was considered a new employee.

On March 13, 1945 a new collective bargaining agreement was executed which reduced the probationary period of a new employee to 260 hours. This latter agreement was in effect at the time the plaintiff was hired upon his return from the military service. At the end of this probationary period the plaintiff was assigned a seniority status as of May 28, 1946.

The pertinent part of the Selective Training and Service Act of 1940 provides that any person who leaves "a position, other than a temporary position" to enter the military service shall upon release therefrom, upon receiving the certificate therein described and upon compliance with the terms of the Act, be restored "to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *."

It is the plaintiff's claim that under the provisions of the Act he is entitled to seniority rights effective as of the date of the commencement of his original hiring on June 16, 1943. In support of this claim he argues (a) that his original employment was a permanent position and that his period of continuous employment of less than three months did not operate to prevent the accrual of his continuous service rights, and (b) that he is entitled to have the lesser probationary period of 260 hours provided by the collective bargaining

agreement of March 13, 1945 applied as determinative of his probationary period under his original employment.

■ The authorities are uniform in holding that whether an employee's position is temporary is to determined by the collective bargaining agreement in effect during the period of his employment prior to his entrance into the military service. Lesher v. P. R. Mallory & Co., Inc., 7 Cir., 166 F.2d 983; Doyle v. Division No. 1127, D.C.La.1947, 76 F. Supp. 655; Meredith v. Industrial Rayon Corp., No. 24689, decided by this court October 3, 1949.

In the Lesher case [166 F.2d 985] the court said:

"'That under the terms and conditions of his employment the petitioner, during his first ninety days of employment was on probation; that the probationary character of his employment made his position a temporary one within the terms of the Selective Service Act; that since the position which petitioner left was a temporary position, respondent was not compelled under the Act to restore him to such position or to any other position.'"

In the Meredith case, Judge Jones of this court expressed the same view in the following terms:

"An examination of the authorities and the union agreement leads the Court to the conclusion that the plaintiff did not acquire seniority rights under the agreement before he had completed six months of employment. So far as the agreement provides he was on a trial or probationary basis. Seniority rights do not accrue under these circumstances while the plaintiff is in the service and not employed by the defendant.

\* \* \* \* \* \*

"The Court is of the opinion that the case of Lesher v. P. R. Mallory & Co., Inc., 7 Cir., 166 F.2d 983, states the correct law as it is applicable to this case."

388

Section 6 of the collective bargaining agreement of September 1, 1942, which governs the plaintiff's rights here, expressly provides that "probationary employees for the first three months of their employment will receive no continuous service credit during such period." Thus, an employee whose continuous period of probationary service was 3 days, 10 days, or any lesser period than the full three months specified in the contract was ineligible for continuous service credit. Plaintiff's period of continuous service being for a lesser period than three months, he was not entitled to receive continuous service credit at the time he left his employment on September 13, 1943.

In the Lesher case the court cites with approval several cases construing the word "position" to mean "the employment and not the particular job the employee was performing", and concludes its discussion on this point with the following statement, which is adopted as being applicable here:

"The purpose of the Act, as we have shown, was to preserve for veterans upon their return the employment status they occupied at the time they left for military service, and not to create a status which they never had, even though it might have been attained had they not been called." 166 F.2d at page 986.

Plaintiff's second contention may be disposed of with brief comment. Concededly, plaintiff's original continuous employment was 89 days, which is more than 260 hours. However, by the terms of the collective bargaining agreement of March 13, 1945 the probationary period of 260 hours therein specified applies only to employees hired after the effective date of the agreement. Nowhere in this agreement is it provided that the new probationary period of 260 hours is to be retroactively applied.

Plaintiff's brief in opposition to the motion is accompanied by an affidavit of one Michael A. Melia. This affidavit is excluded from consideration.

For the reasons hereinabove indicated defendant's motion for judgment on the pleadings is sustained.