**VENZEL**

v.

**UNITED STATES STEEL CO.**

**No. 11805.**

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1953.

Marvin S. Zelman, Cleveland, Ohio, for appellant and amicus curiae (Marvin S. Zelman, Cleveland, Ohio, on the brief, for appellant; Arthur J. Goldberg, Elliot Bredhoff, Washington, D. C., on the brief for United Steelworkers of America, CIO).

James C. Davis, Cleveland, Ohio, for appellee (James C. Davis, Squire, Sanders & Dempsey, Cleveland, Ohio, on the brief).

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The appellant was originally employed by the appellee on June 16, 1943. He left this employment on September 13, 1943 to enter military service.

The prevailing collective bargaining agreement, dated September 1, 1942, provided:

"New employees and those hired after a break in continuity of service will be regarded as probationary employees for the first three (3) months of their employment and will receive no continuous service credit during such period. Probationary employees may be laid off or discharged as exclusively determined by Management, provided that this provision will not be used for purposes of discrimination because of membership in the Union. Probationary employees continued in the service of the Company subsequent to three (3) months from date of original hiring shall receive full continuous service credit from date of original hiring."

Appellant was honorably discharged from the military service on May 19, 1946, and resumed his employment with the appellee on May 28, 1946, at which time appellee treated appellant as a new employee requiring him to complete a new probationary period, and granted him seniority as of May 28, 1946, the date on which he returned to work. Appellant filed this action under the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C. Appendix, §§ 301–318,[1] claiming that he was entitled under Sec. 8 of the Act to be restored to his position as of September 13, 1943, when he left to enter military service for completion of his probationary period, and upon satisfactory completion thereof to have his seniority dated from his original employment by the appellee on June 16, 1943. The District Judge sustained the appellee's motion for judgment on the pleadings. This appeal followed.

Section 8 of the Act provides that in the case of any person who upon induction into service "leaves a position, other than a temporary position, in the employ of any employer," if such position was in the employ of a private employer, such employer, upon compliance by the employee with certain conditions, "shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *."

We agree with the view expressed by the District Judge, namely, that the amended complaint states the material facts which are not in dispute, thus presenting a pure question of law for the Court; that in determining whether or not the appellant left a position other than a temporary position when he was inducted into service, we must consider the status of the particular employee in the position which he then occupied rather than the permanency of the job which may at times be filled by either a permanent or a temporary employee, Salzman v. London Coat of Boston, Inc., 1 Cir., 156 F.2d 538; that in determining this question we must consider the provisions of the collective bargaining agreement in effect during the period of his employment prior to his entrance into the military service; that in the present case, a probationary employee is a temporary employee; and that in leaving his position before the completion of his probationary period, he did not leave "a position other than a temporary position," within the meaning of the Act, and accordingly did not qualify for the benefits provided by the Act. Lesher v. P. R. Mallory & Co., Inc., 7 Cir., 166 F.2d 983; Johnson v. Interstate Transit Lines, D.C., Utah, 71 F.Supp. 882, affirmed 10 Cir., 163 F. 2d 125; Doyle v. Division No. 1127, etc., D.C.La., 76 F.Supp. 655, affirmed 5 Cir., 168 F.2d 876; Meredith v. Industrial Rayon Corp., D.C.N.D.Ohio 1949, 117 F. Supp. 815.

1. Now 50 U.S.C.A.Appendix, § 451 et seq.

In Bryan v. Griffin, 6 Cir., 166 F.2d 748, relied on by appellant, we held that an employment for an indefinite period in a position to be held at mutual will until terminated was employment in a position other than temporary. Such employment is not similar to the probationary employment in the present case, which was expressly limited to three months and was on a trial basis.

The judgment is affirmed.