David J. BRICKNER, Plaintiff-Appellee,

v.

JOHNSON MOTORS, a Division of Outboard Marine Corporation, Defendant-Appellant.

No. 17828.

United States Court of Appeals,
Seventh Circuit.

April 30, 1970.

Charles R. Sprowl, Michael D. Aufrecht, Chicago, Ill., for defendant-appellant; Taylor, Miller, Magner, Sprowl & Hutchings, Chicago, Ill., of counsel.

Alan S. Rosenthal, William D. Appler, Attys., Dept. of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., William D. Ruckelshaus, Asst. Atty. Gen., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

KERNER, Circuit Judge.

David J. Brickner, an honorably discharged veteran, filed a complaint under Section 9 of the Military Selective Service Act (Act) of 1967 (50 U.S.C. App. § 459) seeking the establishment of seniority from the date of his original employment.

Johnson Motors (Johnson) initially employed Brickner as a packer on September 8, 1965, in the shipping depart-

ment. The labor agreement then in force provided that "New employees must serve ninety (90) days on probation before establishing a seniority rating. The new employee on becoming established will receive credit for those ninety (90) days." The agreement reserved to Johnson the authority to transfer, change classification, change rate of pay, or discharge such employee during the probationary period.

After 44 calendar days (33 working days), Brickner entered the military service for a two-year period, returning to his position as a packer with Johnson on October 30, 1967. Brickner, when reemployed, was designed a new employee and was required to serve a new probationary period. Having satisfactorily served this period, he was granted seniority as of October 30, 1967 (the date of reemployment), not as of September 8, 1965, the date of original employment with Johnson.

50 U.S.C. App. § 459(b) (§ 9 of the Act) provides in relevant part:

> In the case of any such person who, in order to perform such training and service, [after induction in the armed forces] has left or leaves a position (other than a *temporary position*) in the employ of any employer &ast; &ast; &ast;
>
> (B) if such position was in the employ of a private employer, such person shall—
>
> (i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay; &ast; &ast; &ast;.

[Emphasis added]

The original complaint was filed by the United States Attorney seeking the advancement of the seniority date by virtue of Section 9 of the Act. Johnson responded, contending that since Brickner had not completed the ninety (90) day probationary period before entering military service, he was in a "temporary

position," an exception under the Act. The district court took the matter for determination on the pleadings, stipulations, memoranda, and motions for summary judgment. Summary judgment was entered in favor of Brickner, the court holding his job to be "other than a temporary position" under the Act.

This Court in Lesher v. P. R. Mallory & Co., Inc., 166 F.2d 983 (7th Cir.1948), in a fact situation almost identical to the present case, held that plaintiff's position was a temporary position and not within the protection of the Act. In interpreting the meaning of "other than temporary position" the *Lesher* court rejected the contention that the phrase referred to whether the position itself was temporary or permanent but instead interpreted the phrase to refer to the individual relationship between the employer and employee.

■ We reject this court's earlier interpretation of the phrase "other than temporary" contained in our decision in *Lesher*. Instead we establish a two-part test for determining whether a position is "other than temporary." First it must be determined whether the nature of the position itself is permanent or temporary. *Cf.* Foor v. Torrington Co., 170 F.2d 487 (7th Cir.1948); *see also* Moe v. Eastern Air Lines, 246 F.2d 215, 219 (5th Cir.1957); Congressional debate, 86 Cong.Rec. 11030. If it is determined that the position itself is temporary then the employee is excluded from the coverage of the Act. If, however, the job is permanent, the employee must also satisfy a second criterion concerning the employee's status within that position.

In Tilton v. Missouri Pac. R. Co., 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964), a collective bargaining agreement required employees to complete a 1040-day training period before assignment of seniority as journeymen mechanics. Military service interrupted the plaintiffs' training, but they completed it upon discharge and were assigned seniority as of the completion

date. This left them junior to non-veterans who had embarked later upon the training program. Their claims for seniority were rejected. The Supreme Court reversed, holding that a veteran is entitled to the protection of the Act "if, as a matter of foresight, it was reasonably certain that advancement would have occurred and if, as a matter of hindsight, it did in fact occur.". *Id.* at 181, 84 S.Ct. at 602. "While *Tilton* is concerned primarily with seniority, its test of reasonable certainty is appropriate for determining re-employment rights." Collins v. Wierton Steel Company, 398 F.2d 305, 309 (4th Cir.1968), accord, Moe v. Eastern Air Lines, 246 F.2d 215, 219 (5th Cir.1957). We conclude that *Tilton* deprived *Lesher* of continued vitality.

Pursuant to the Supreme Court's opinion in *Tilton*, we find that in order to satisfy the second criterion, an employee who has a probationary status previous to leaving for military service must show that as a matter of foresight it was reasonably foreseeable that upon completion of the probationary period the employee would receive permanent status and as a matter of hindsight, it did in fact occur. The inquiry is not whether the employee would complete the probationary period but upon completion whether the employee would receive permanent status.

We find that the position of packer with Johnson Motors is a permanent position. Further, the collective bargaining agreement provides that permanent status is automatic at the completion of the ninety-day probationary period. Since plaintiff after his return from military service completed his probationary period, he held under the guidelines of *Tilton* an "other than temporary position" and is within the protection of the Act. Plaintiff is entitled to seniority from his original date of employment.

Affirmed.