QUESTIONS: 1. What is the status of s. 115.01, F. S., in light of federal legislation relating reemployment of veterans, and what is the legislative intent of this section? 2. What rights has a veteran who was on probationary status upon entering military service? 3. What must the state do for a returning veteran who has had short-term military duty? 4. What are the state's responsibilities to an employee who undergoes inactive duty training?
SUMMARY: Public employees are protected by Title 38 U.S.C. § 2021, which preempts Florida statutes and regulations pertaining to veterans' reemployment rights. The United States Congress enacted the Universal Military Training Service Act of 1967, Title 50 U.S.C. App. with s. 459 relating to reemployment rights of veterans. Public Law 93-598 repealed this section, and similar provisions for reemployment rights of veterans as reenacted are contained in Title 38 U.S.C. § 2021 (effective December 3, 1974), which extends such rights to employees of states or political subdivisions thereof. Florida law regarding leave of absence to public employees for military service includes Ch. 115, F. S., and State Personnel Rule 22A-8.14, F.A.C. The threshold question to determine the applicable law involves the doctrine of preemption emanating from the U.S. Constitution, s. 2, Art. 6, Supremacy Clause. Federal law preempts state law if Congress clearly manifests intent to supersede the exercise of state power. Hines v. Davidowitz, 312 U.S. 52 (1940); Florida Avocado Growers v. Paul, 373 U.S. 132 (1963); N.Y.S. Dept. of Social Services v. Dublino, 413 U.S. 405 688 (1973). A reading of the federal law and the legislative history and purpose of Public Law 93-508 indicates that Congress has expressed its intent to supersede state power as specifically delineated in Title 38 U.S.C. § 43, and such provisions would be the controlling law in Florida. Cf. U.S. Code Cong. and Adm. News, 1974, p. 6313. Title 38 U.S.C. § 2021(a)(B)(ii) does state: Nothing in this chapter shall excuse noncompliance with any statute or ordinance of a state or political subdivision thereof establishing greater or additional rights or protections than the rights and protections established pursuant to this chapter. Thus, those specific areas which have been addressed by Congress are controlled by federal law, but any state law granting benefits in addition to federal provisions controls. In areas not specifically spoken to by federal legislation state law applies. (State statutes of limitations applied in absence of federal provision.) Bell v. Aerodex, Inc., 473 F.2d 869 (5th Cir. 1973); Gruca v. U.S. Steel Corp., 495 F.2d 1252 (3rd Cir. 1974).
Section 115.15, F. S., which adopted federal law for public employees, specifically naming Title 50 App. s. 308, U.S.C.A., as it relates to reemployment of public employees granting a leave of absence for military duty, would be preempted by the superseding Title 38 U.S.C. § 2021, as of the December 3, 1974, effective date. This office has issued several opinions concerning leave of absence for military training in accord with the pertinent federal law at the time of request, which allowed for discretion at state and local levels. Cf. AGO 050-478, October 6, 1950, Biennial Report of the Attorney General 1949-1950, p. 158; AGO's 059-84, 074-26, and 074-204. However, under the new federal law, Title38 U.S.C. § 2021, reemployment rights as set forth are mandatory, effective December 3, 1974. The detailed, factual questions set forth in your letters are matters of federal law and case law interpretation. I would respectfully direct such inquiries to those administrative federal agencies created by Congress with expertise in the area, specifically the U.S. Department of Labor, Labor Management Services Administration, for thorough examination and proper response and will at this point briefly comment on the major areas in question. Your first question involving the intent of s. 115.01, F. S., with respect to all types of military leave without pay is a matter within the doctrine of preemption as discussed above. Your second question sets forth various factual situations concerning employee status. Again, reference must be made to federal law, 38 U.S.C. § 2021, rather than s. 115.09, F. S., and Personnel Rule 22A-8.14, F.A.C. Specific responses could best be handled by the U.S. Department of Labor, Labor Management Services Administration, Office of Veterans' Reemployment Rights, for a caseby-case determination. For purposes of veterans' reemployment rights, an employee in an "other than temporary position" has full reemployment rights. While there are some conflicting cases in this area, it would appear, if the nature of the position is permanent and there is a reasonable expectation that employment would be continuous, that an employee who enters into military service while in probationary status has a right to return to that status upon completion of military duties. Moe v. Eastern Airlines, Inc., 246 F.2d 215 (5th Cir. 1957), cert. den.357 U.S. 936 (1958), reh. den. 358 U.S. 858 (1958); Brickner v. Johnson Motors, 425 F.2d 75 (7th Cir. 1970); cf. Lesher v. P. R. Mallory Co., 166 F.2d 983 (7th Cir. 1948). Question 3, concerning short-term military and employee status, is answered substantially the same as question 2 in that reference must be made to federal law rather than state law or regulations. Question 4 with respect to inactive duty training is also referenced to controlling federal provisions. Inasmuch as there has been a change of law since the issuance of AGO 074-26, its applicability is superseded by the new federal legislation.