## FLYNN v. BENDIX AVIATION CORPORATION.

### Civil Action No. 5984.

District Court, D. Massachusetts.

April 30, 1948.

William T. McCarthy, U. S. Atty., and William J. Koen, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Claude R. Branch, of Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this action under Section 8(e) of the Selective Training and Service Act of 1940, 54 Stat. 890, as amended, 50 U.S.C.A.Appendix, § 308(e), and Section 7 of the Service Extension Act of 1941, 55 Stat. 627, as amended, 50 U.S.C.A. Appendix, § 357, and seeks compensation for loss of wages and benefits resulting from the failure of defendant to re-employ him following his release from the armed services.

The only substantial matter in issue is whether plaintiff was senior to any other employee who was working for defendant at the time plaintiff requested reinstatement.

### Findings of Fact.

1. Plaintiff was originally employed by the defendant on February 17, 1944, at an hourly rate of pay as an expediter at its plant in Norwood, Massachusetts. On June 19, 1944, he became a materials control clerk with a weekly salary. On October 23, 1944, he became an expediter again and returned to an hourly rate of pay.

2. The plaintiff left the employ of the defendant on June 22, 1945, to enter the armed services and was honorably discharged on March 16, 1946.

3. On March 25, 1946, the plaintiff requested that he be reinstated to his former position effective about one week thereafter; he was later told to report to work on April 1, 1946; and was informed on April 1, 1946, that there was no work available for him because of lay-offs of all personnel whose seniority was less than his and that he would be placed on the reinstatement list.

4. The plaintiff was not, from April 1, 1946, until the defendant's Norwood, Massachusetts, plant was closed toward the end of 1946, reinstated. During this period defendant was reducing its operations at its Norwood plant to the point where the plant might be shut down.

5. From October 19, 1944, until the shut down of the plant, there existed an interim collective bargaining agreement between defendant and the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, CIO, and Local No. 387 of that union. The seniority provisions of this contract were the same as those in effect at the time plaintiff was first employed by defendant.

6. During the existence of the contract it was the practice of the company to subtract from a worker's seniority time any time he spent in positions outside the scope of the collective bargaining agreement, and the union did not object to but acquiesced in this practice though there was a regular grievance procedure available for the settlement of such questions.

7. On April 1, 1946, if plaintiff's seniority date were taken as February 17, 1944, there were employees still working at the Norwood plant performing jobs in the same classification as that of plaintiff, which jobs plaintiff was willing and able to perform, and these employees had less seniority than the plaintiff at that time. But if the period from June 19 through October 22, 1946, the period when plaintiff served as a materials handling clerk, be taken from his seniority time, then his seniority date would be June 23, 1944, and on April 1, 1946 there were no employees working at the Norwood plant who were junior or equal in seniority to the plaintiff.

## Conclusions of Law.

The plaintiff is not, by reason of his tour of duty in the armed services, entitled to any super-seniority, but only to the seniority he would have had if he had not been in the armed services. The determination of his position or rank on the seniority list of the Norwood plant must be governed by the collective bargaining contract under which he worked. Gauweiler v. Elastic Stop Nut Corporation, 3 Cir., 162 F.2d 448; Droste v. Nash-Kelvinator Corporation, D.C., 64 F.Supp. 716, 721. If employment was refused him upon his return from the service, in compliance with the terms of the collective bargaining agreement seniority provisions, and he was placed on a waiting list for reinstatement in accordance with those seniority provisions, then the defendant has not violated the applicable statutes and plaintiff cannot recover. Trailmobile Co. v. Whirls, 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328; Fishgold v. Sullivan Drydock & Repair Corporation, 328 U.S. 275, 66 S.Ct. 1105, 90 L. Ed. 1230, 167 A.L.R. 110.

The collective bargaining agreement states: "This agreement shall apply to and cover all production and maintenance employees and including * * * inside production expediters, * * * but excluding all office, clerical, sales, accounting, personnel and engineering department employees, general foremen, foremen, assistant foremen, * * *." During the period from June 19, 1944, till October 22, 1944, inclusive, when plaintiff was a materials control clerk, he was, by the terms of the collective bargaining agreement, not a member of the bargaining unit which represented most of defendant's employees.

There is no express provision in the contract settling the question of whether seniority accrued while an employee worked outside the bargaining unit at the Norwood plant. However, there was a practice in effect which indicates that the parties to the contract interpreted it to exclude from seniority time any time worked

outside of the bargaining unit. (See finding No. 6.) Where the contract is not clear, the interpretation given it by the parties as shown by their acts is of substantial probative value. Williston on Contracts, Vol. 3, Section 623, p. 1792. I conclude that such time was intended by the parties to be excluded from seniority time. The contract expressly excludes the accrual of such time as to foremen (obviously outside the scope of the bargaining agreement), but I reject the argument that, therefore, the parties intended to permit the accrual of such time as to all employees outside the bargaining unit other than foremen. I think this provision [1] of the contract was intended primarily to insure that foremen, as well as all others outside the scope of the bargaining agreement, when returned to the ranks, should not lose seniority accumulated prior to their becoming foremen.

In the light of the facts found above, plaintiff was not entitled to reinstatement on April 1, 1946, nor thereafter till the close of the Norwood plant, and is not entitled to recover.

Judgment for the defendant.

---

[1] Any employee, who shall be made a Foreman, shall not lose his seniority rights accumulated from the date of his hiring to the date he is made Foreman, but during his Foremanship no seniority rights shall accrue to him. In the event such Foreman returns to the status of an ordinary employee he shall pick up the seniority accredited to him up to the time he was made Foreman, and thereafter shall be entitled to the same rights as regards accumulated seniority as any other employee.