### E. I. DU PONT DE NEMOURS & CO. v. MARTIN.

No. 10782.

United States Court of Appeals Sixth Circuit.

May 16, 1949.

Charles L. Cornelius, Sr., Nashville, Tenn., for appellant.

Ward Hudgins, Nashville, Tenn., for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellee, Ernest E. Martin, brought this action in the District Court under the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 301 et seq., to be restored by appellant, his former employer, to the position of A-class mechanic following his discharge from military service. Appellant had reemployed him as a B-class mechanic. Judgment was entered in his favor for $412 with interest, being the difference in pay between the two classifications from the date of reemployment to the filing of the action, from which appellant has appealed.

The District Judge made the following findings, which are largely undisputed and are fully supported by the evidence. About August 2, 1940, appellee, while employed as a B-class mechanic at appellant's plant, located at Old Hickory, Tennessee, was called into the employment office and advised that there was a reduction in force soon to come, and, that in all probability, he would in due course be laid off from work. He was fur-

ther advised by the employment representative that there was a job waiting for him at the Chickasaw Ordnance Works, Millington, Tenn., a plant being constructed by the duPont Corporation. Appellee decided to accept this employment rather than remain at Old Hickory. He worked at the plant at Millington, Tenn., until about March 28, 1941. From there he went to another plant being constructed by the duPont Corporation at Charlestown, Indiana, where he worked from 14 to 16 months. As soon as his work was finished at Charlestown, Indiana, he was employed at the Louisville Neoprene Plant, another plant being constructed and operated by duPont at Louisville, Ky., at which plant he was continuously employed until March 28, 1944. He left the Neoprene Plant and was inducted into the armed forces of the United States pursuant to orders of his draft board on March 31, 1944. The arrangements necessary for the employment of appellee at Millington, Tenn., at Charlestown, Indiana, and at Louisville, Ky., were made by the Personnel Division of the duPont Corporation. He was employed as an A-class mechanic on his transfer to Millington, Tenn. and held this rating until he left his employment at Louisville, Ky., to be inducted into the armed forces. On November 28, 1945, he was discharged from military service. On December 3, 1945, he applied for reinstatement in the Old Hickory Plant in Nashville, since the Louisville construction job had been completed. On December 21, 1945, he was reemployed at the Old Hickory plant as a B-class mechanic. Appellant refused to reemploy him as an A-class mechanic.

The evidence also showed these additional facts. Appellee was first employed at Old Hickory on January 18, 1933. He was a maintenance man at Old Hickory. The employment at the other places was in construction work. At the time of each move from one plant to another, appellee filed out a new application for employment, took a new physical examination, and joined a labor union if the project was being constructed under a union contract. The application stated that he was presently unemployed. Appellee testified that this was because of war-time regulations which froze workers on particular jobs, and that it was customary to take a physical examination any time an employee left the Company payroll, even if he was off the payroll only two days. The plants at Millington, Tenn., Charlestown, Indiana, and Louisville, Ky., were war plants. Appellee went from Millington, Tenn., to Charlestown, Indiana, and from Charlestown, Indiana, to the plant at Louisville, Ky., because there was no longer any work for him at each of those places. The appellant did not pay his expenses in moving from one plant to another, nor was he guaranteed employment nor required to report by any certain date. Although there were many applicants waiting for employment at the gates of the respective plants, appellee was called out at the gate after arrival and given priority in employment over others waiting there to be employed.

Appellant contends that it had no obligation under the Selective Training and Service Act to reemploy appellee at its Old Hickory plant, because, at the time when he was inducted into the armed services, he left a temporary position. However, in accordance with its policy of giving preference to every ex-service man who had previously been employed, it employed appellee in a job equivalent to the one he held at the time he left the Old Hickory plant. The reemployment of an ex-service man and his restoration to his former position, or to a position of like seniority, is required when the employee "has left or leaves a position, other than a temporary position, in the employ of any employer." Title 50, U.S.C.A.Appendix, § 308(b). The District Judge held that appellee's position with the appellant when he left to enter the armed services was not a temporary position within the meaning of the Act, and that he was entitled to a position of like seniority and pay upon a proper application for reemployment following his discharge from the armed services. We agree with that ruling. As a practical matter, appellee worked continuously for appellant for more than eleven years. He was not discharged for inefficiency or for disciplinary purposes. The formal procedure of making successive applications for employment at different plants gives way to the fact that he con-

tinued in each instance to work for the same employer, who arranged for his immediate employment at another of its several plants when the needs of its business so required, and that the work performed was regular and continuous until the particular project was completed, rather than casual or intermittent. That it was actually a transfer from one plant to another, rather than a new employment is shown by the priority in employment which he received upon reporting at the new plant for work, and by the fact that he retained all insurance and vacation benefits just as if he had worked continuously at Old Hickory. The case comes within the scope of our ruling on the same issue in Bryan v. Griffin, 6 Cir., 166 F.2d 748.

Appellant also claims on this appeal that under its bargaining contract with the Union, seniority in employment was not affected or increased by work in war plants; that upon appellee's reemployment he was only entitled to the seniority which he attained by work at the Old Hickory plant, which was that of a B-class mechanic; and that the bargaining contract with the Union would not permit his reemployment as an A-class mechanic, which grade was acquired by his work in war plants. This contention seems to be supported by the rulings in Fishgold v. Sullivan Dry Dock & Repair Corp., 328 U.S. 275, 288, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110, Boston & M. R. R. Co. v. Davis, 1 Cir., 167 F.2d 722, Harrison v. Seaboard Airline R. R., D.C., 77 F.Supp. 511, and Flynn v. Bendix Aviation Corp., D.C., 77 F.Supp. 452.

However, this defense was not presented by any pleading or motion on the part of appellant in the trial court. Rule 12(h), Rules of Civil Procedure, 28 U.S.C.A., provides "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided, or, if he has made no motion, in his answer or reply * * *." Rule 15(b) provides—"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The question is accordingly presented whether this defense was so raised during the trial as to come within the provisions of Rule 15(b).

At the start of the trial counsel for appellee responded to the Court's inquiry concerning the nature of the case that the question before the Court was whether or not appellee occupied a position other than a temporary one at the time he was inducted into the armed forces. Appellant did not claim at that time that there was any other issue involved. Appellee rested his case after presenting evidence on this single issue. The first of three witnesses for appellant after testifying on this issue, stated that under the Union contract in force at Old Hickory appellee's seniority did not take into consideration the time he spent in war plants after leaving Old Hickory. But the collective bargaining contract was not then or later introduced or read into evidence. During the cross-examination of this witness, the Judge asked a question about the Union to which appellee's counsel answered that there was no Union question involved in the case. The Judge replied that it seemed to him that the main question in the case was whether the appellant, under its contract with the Union, could give appellee an A classification over the objections of the Union. Counsel stated there had been no objection by the Union and offered to bring in a Union representative to so testify. This line of inquiry was then dropped by the Court, and counsel was directed to proceed. Counsel for appellant made no contention at that time that the issue should be tried out. The second witness also referred to the contract with the Union and stated that if the Company violated it "that will throw us in the soup. That is the whole question here." After appellant had closed its case, the Court asked if there was any rebuttal testimony. Counsel for appellee stated that "I take it the Union has entered no protest to the reclassification of this man, but if there has been any protest or if that is going to be insisted on, we would like to have the right to call in a Union man or two." The Court answered—"There is nothing about it before the Court at this time, other than the Company's alleged desire to comply with their Union contract. " Appellant made no comment or objection to these statements,

did not then claim that the issue was in the case, and the case was accordingly closed without the introduction of any rebuttal evidence. The District Judge in his Findings of Fact stated "The only question before the Court is whether or not petitioner Martin occupied a position other than a temporary one with respondent at the time he was inducted into the Armed Forces in March of 1944." He made no finding as to the provisions of the contract with the Union, nor any specific ruling on the effect, if any, of such a contract. We are accordingly of the opinion that the issue is not before us on this appeal.

Judgment affirmed.