**Joseph BECKLEY, Plaintiff,**

v.

**LIPE-ROLLWAY CORPORATION, Defendant.**

**No. 77–CV–46.**

United States District Court, N. D. New York.

March 15, 1978.

Paul V. French, U. S. Atty., Syracuse, N. Y., for plaintiff; Joseph R. Mathews, Asst. U. S. Atty., Syracuse, N. Y., William H. Berger, U. S. Dept. of Labor, Washington, D. C., of counsel.

Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N. Y., for defendant; James P. Burns, III, Syracuse, N. Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, District Judge.

This action is brought by a veteran who contends that defendant's refusal to credit the period of his military service toward the vesting of his rights in defendant's pension plan and toward the computation of pension payments under said plan violates 38 U.S.C. § 2021 *et seq.* (hereinafter referred to as the Act).[1] The case is now before the Court on plaintiff's motion for summary judgment.

Plaintiff was employed by defendant as a machine operator from September 14, 1966, to December 7, 1967, when he left his position to enter military service. After serving in the armed forces from December 15,

---

1. These provisions (38 U.S.C. § 2021 *et seq.*) were formerly codified at 50 U.S.C.App. § 459. The recodification was made without substantial change, by Pub.L.93–508, Title IV, § 404(a), Dec. 3, 1974, 88 Stat. 1594.

1967, to December 12, 1969, he received an honorable discharge and then applied for reemployment with defendant. On December 28, 1969, plaintiff was reinstated by defendant as a machine operator and has continued to work for defendant until the present time.

Defendant's "Pension Plan for Hourly Unit Employees" covers all permanent employees of defendant who are in an hourly unit. Under this plan, an employee's vesting rights and the computation of benefits to which he is entitled are determined by the amount of the employee's "credited service." Credited service is based upon the straight time hours for which the employee receives pay from defendant. An employee receives one year of credited service if he works 1750 or more hours during a single calendar year. If an employee works less than 1750 hours in a calendar year, he receives 1/10 year credit for every 175 hours worked. An employee who is temporarily absent from work because of occupational injury or disease is credited with the number of hours he would have been scheduled to work during such absence. On the other hand, an employee who is absent from his job because of military service does not receive any credited service for the time he is in the armed forces. Under the normal retirement provisions of the plan, an employee who has completed 10 or more years of credited service can retire and receive a pension at age 65. An employee who retires on or after February 15, 1974, receives monthly retirement benefits of $5.50 for each year of credited service.[2]

In enacting 38 U.S.C. § 2021 *et seq.,* Congress intended to protect veterans returning to civilian jobs from being disadvantaged for having served in the armed forces. *Foster v. Dravo Corporation,* 420 U.S. 92, 93, 95 S.Ct. 879, 43 L.Ed.2d 44

(1975). The Act provides that an honorably discharged veteran, who applies for reemployment within 90 days after being discharged and who is still qualified to perform the duties of his former job, must be reinstated by his employer to his former position or "to a position of like seniority, status, and pay," and the Act further states that such employee shall be restored "without loss of seniority." 38 U.S.C. §§ 2021(a), (b)(1). In effect, the returning veteran's seniority in his civilian job is determined as if he had been continuously employed, at such job during the time he spent in the armed forces. 38 U.S.C. § 2021(b)(2); *Fishgold v. Sullivan Drydock & Repair Corporation,* 328 U.S. 275, 284–85, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946).

In *Alabama Power Co. v. Davis,* 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977), the Supreme Court recently considered whether pension rights are rights of seniority guaranteed protection under the Act. The Court indicated that, in order to determine if a benefit is a right of seniority within the meaning of the Act, both the relative certainty of the benefit's accrual and the nature of the benefit itself have to be considered. The Court stated,

If the benefit would have accrued, with reasonable certainty, had the veteran been continuously employed by the private employer, and if it is in the nature of a reward for length of service, it is a 'perquisite of seniority.' If, on the other hand, the veteran's right to the benefit at the time he entered the military was subject to a significant contingency, or if the benefit is in the nature of short term compensation for services rendered, it is not an aspect of seniority within the coverage of § 9.

431 U.S. at 589, 97 S.Ct. at 2007.

Under the Alabama Power pension plan, the amount of an employee's retirement

---

**2.** Under the early retirement provisions, an employee can retire at age 60 if he has completed 10 or more years of credited service or can retire as early as age 55 if he has completed 25 or more years of credited service. An employee who retires early can elect to receive the normal pension payments starting at age 65 or can elect to receive benefits early; but, in this

latter event, either the amount of monthly payments or the length of time he will receive such payments will be reduced.

Under the disability retirement provisions, an employee between the ages of 45 and 65, who becomes totally and permanently disabled, can receive a disability pension if he has at least 15 years' credited service.

benefits was determined by multiplying the employee's years of "accredited service" by an earnings factor. An employee received accredited service for service rendered to the company as a full-time, regular employee and for periods of authorized leave of absence with pay. Employees on leave of absence without regular pay and employees absent from their jobs because of military service did not receive any accredited service. An employee acquired vested rights under the plan after completing 20 years of service or after completing 15 years of service if the employee had attained the age of 50.

The Supreme Court in *Alabama Power* indicated that it was reasonably certain that, if Davis had remained continuously in his civilian job, he would have obtained accredited service for the time that he was in the military. While unpredictable occurrences might have intervened, the Court stated that Congress did not intend possibilities of this sort to defeat a veteran's seniority rights. 431 U.S. at 591–92, 97 S.Ct. 2002. The Court then focused upon the true nature of pension payments. It rejected the company's argument that, because accredited service was defined in terms of full-time service to the company, the pension payments should be viewed as compensation for service rendered. The Court stated that the true nature of pension payments was a reward for length of service. In the Court's opinion, the most important factor supporting this conclusion was the lengthy period required before pension rights would vest in an employee. 431 U.S. at 592–93, 97 S.Ct. 2002. The Court further noted that its conclusion was supported by the function played by pension plans in the employment system in that "[a] pension plan assures employees that by devoting a large portion of their working years to a single employer, they will achieve some financial security in their years of retirement." 431 U.S. at 594, 97 S.Ct. at

2010. Therefore, the Court held that Alabama Power was required to pay Davis the pension which he would have been entitled to receive if he had not served in the armed forces.

Defendant argues that the facts in the present case are sufficiently different from those in *Alabama Power* so as to justify a different result in this case. Defendant points out that the district court in *Alabama Power* found that the amount of work an employee actually performed for the company was not taken into account in computing pension benefits, 383 F.Supp. 880, 887 (N.D.Ala.1974), whereas the amount of time an employee works for the defendant in this case is used in computing the amount of and eligibility for pension benefits. An employee working for Alabama Power received accredited service for service rendered to the company while an employee working for the present defendant receives credited service for the number of hours actually worked.[3]

■ This Court is of the opinion that the differences between the pension plans in this case and in *Alabama Power* do not warrant a different result here. The Supreme Court in *Alabama Power* indicated that the nature of the benefits in question was determinative rather than the particular formula by which those benefits were calculated. 431 U.S. at 592, 97 S.Ct. 2002. Likewise, in *Fishgold v. Sullivan Drydock & Repair Corporation, supra,* 328 U.S. at 285, 66 S.Ct. at 1111, the Supreme Court stated, "And no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act." The true nature of pension payments is a reward for length of service rather than compensation for services performed. This Court does not believe that the existence of the work requirement in the present case changes the essential na-

---

**3.** Defendant contends that there is a sharp distinction between the concepts "seniority" and "credited service" in its collective bargaining agreement with plaintiff's union. Credited service, which is tied to actual work performance, is used for determining benefits under the pension plan while seniority, which is tied to length of service, is used for determining layoffs, the right to reemployment, transfers, promotions, and vacation benefits.

ture of the pension benefits. As in *Alabama Power,* the pension rights here do not vest in the employee until the passage of a lengthy period of time.[4] The benefits are primarily intended as financial security for long-term employees and therefore are properly viewed as seniority rights protected by the Act.

■ Most seniority rights could be tied to a work requirement rather than to length of time as an employee. However, the purpose of the Act—to protect the seniority rights of veterans—would be defeated if the courts allowed "collective bargaining agreements to redefine a benefit simply by making it contingent on work time rather than seniority." *Palmarozzo v. Coca-Cola Bottling Co.,* 490 F.2d 586, 592 (2d Cir. 1973), *cert. denied,* 417 U.S. 955, 94 S.Ct. 3083, 41 L.Ed.2d 673 (1974).

Recently, the district court in *LaPinta v. Ohio Crankshaft Division,* 77 CCH Labor Cases ¶ 11,156 (N.D.Ohio 1975); 82 CCH Labor Cases ¶ 10,112 (N.D.Ohio 1977) considered the applicability of the Act to a pension plan that is essentially the same as the one involved in this case. Under the pension plan in *LaPinta,* an employee received one year of credited service for each calendar year in which he worked 1700 or more compensated hours. If the employee worked less than 1700 compensated hours in a calendar year, he received pro rata credit to the nearest 1/10 of a year. Vesting under this plan occurred after 10 years. The court originally granted judgment to the employer, 77 CCH Labor Cases ¶ 11,156, but the Sixth Circuit vacated and remanded for reconsideration in light of *Alabama Power.* 82 CCH Labor Cases ¶ 10,067. On remand, the district court granted summary judgment to the veteran. 82 CCH Labor Cases ¶ 10,112.

■ In addition to the arguments considered above, defendant contends that plaintiff waived his right to object to the initial computation by failing to comply with a provision of the pension plan which requires an employee, within 30 days of his receipt of an annual statement, to object to any alleged discrepancies in the computation of his credited service. This Court believes that plaintiff has not waived his rights under the Act by failing to comply with this provision. While the benefits in question are benefits granted by the collective bargaining agreement, a veteran's right to these benefits is a right guaranteed to him by federal statute. For this reason, the Supreme Court has said that a veteran is not required to pursue avenues of relief possibly open to him under the collective bargaining agreement before bringing suit in district court. *McKinney v. Missouri-Kansas-Texas Railroad Co.,* 357 U.S. 265, 268–70, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958).

Accordingly, plaintiff's motion for summary judgment is granted. Defendant is directed to credit the period of plaintiff's military service toward the vesting of his rights in defendant's pension plan and toward the computation of pension payments under said plan.

It is so ordered.

---

4. For purposes of the normal retirement provisions in this case, vesting occurs after 10 years. The period required for vesting in Alabama Power's pension plan was somewhat longer, but the Supreme Court said that vesting within 10 or 15 years does not alter the nature of pension plans insofar as this was relevant to the question presented in that case. 431 U.S. at 590 n.13, 97 S.Ct. 2002.