**John H. STEVENS, Petitioner,**

v.

**TENNESSEE VALLEY AUTHORITY, Respondent.**

**No. 80–3763.**

United States Court of Appeals, Sixth Circuit.

Argued April 30, 1982.

Decided Sept. 1, 1982.

Rehearings Denied Feb. 3, 1983.

Robert S. Olive, Knoxville, Tenn., for petitioner.

Herbert S. Sanger, Jr., Gen. Counsel, Tennessee Valley Authority, Justin M. Schwamm, Sr., Larry S. Bush, Thomas C. Doolan, Knoxville, Tenn., for respondent.

Before LIVELY and KRUPANSKY, Circuit Judges, and MILES,* Chief Judge.

MILES, Chief Judge.

The petitioner brings this action under 5 U.S.C. § 7703 seeking review of a final

---

* Hon. Wendell A. Miles, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation.

decision of the Merit Systems Protection Board (formerly the Civil Service Commission) which ruled that petitioner's former employment as an hourly construction worker for the Tennessee Valley Authority was a "temporary position," and that he was therefore not entitled to restoration under 38 U.S.C. §§ 2021 and 2024. The petitioner originally sought review on two questions: (1) whether he was denied certain procedural requirements, including a statement of reasons for the refusal to reinstate and notice of his right to appeal; and (2) whether the MSPB applied an incorrect standard in determining that his position was temporary within the meaning of the §§ 2021 and 2024. Since oral argument, however, the petitioner has abandoned his procedural claim and now seeks review only of the substantive decision by the MSPB.

The MSPB did not make detailed findings of fact and held no evidentiary hearing. It appears undisputed that petitioner was hired by the TVA on its Watt's Bar Nuclear Plant construction project in March, 1976. This project had commenced in 1973, and due to various delays, is now scheduled for completion in 1984.

The petitioner, a member of the Tennessee Army National Guard, was ordered to a period of active duty on November 29, 1978. He requested a leave of absence at that time but the request was denied. He was told, however, that he would have restoration rights upon his return from active duty. TVA routinely terminated him after his departure for active duty because of his unavailability for work. His termination form reflected that he would have restoration rights under 5 U.S.C. § 3551.

Upon his return from active duty, the petitioner made a timely request on August 20, 1979 for restoration to his former position. This request was denied but the TVA offered him employment as a new construction worker. The petitioner made efforts to obtain a union referral for this new job but was unsuccessful. He eventually obtained other employment.

The TVA did not give the petitioner a written statement of the reasons for its refusal to restore him, nor did it inform him of his right to appeal the TVA action to the Merit Systems Protection Board. The petitioner independently learned of his right to appeal and filed a timely appeal with the MSPB. The Board initially denied his claim on January 3, 1980 and denied petitioner's request for a review by the entire Board on October 24, 1980. The petitioner then filed this appeal.

The Vietnam Era Veteran's Readjustment Assistance Act, 38 U.S.C. § 2021, grants to veterans who left a civilian position "other than a temporary position," in order to serve in the armed forces, a right to reemployment in their former position upon their return to civilian life. Section 2024 of Title 38 grants the same or similar rights to reservists and national guardsmen who are forced to leave civilian employment for active military service. The question in this case is what standard should be used in determining whether a particular civilian position is "other than temporary."

The initial decision of the MSPB, which was ultimately approved by the full board when it rejected the petitioner's request for review, was based upon its reading of the collective bargaining agreement between the Tennessee Valley Trades and Labor Council (the Union) and the Tennessee Valley Authority (the Agency). According to the Board's opinion, Schedule H–IV of the collective bargaining agreement "states unequivocally that all persons appointed to trades and labor positions or construction work are temporary employees ...." In relying on the terminology used in the contract, the Board rejected petitioner's contention, citing *Beckley v. Lipe-Rollway Corp.*, 448 F.Supp. 563 (N.D.N.Y.1978), that the rights of returning veterans may not be defeated by the terminology used in collective bargaining agreements. The Board interpreted that principle to apply to an employee's seniority rights but not to the establishment of "different categories of position."

 The Board's reliance on the terminology used in the collective bargaining agreement in determining whether the peti-

tioner held a temporary position within the meaning of the Act was error. The principle expressed in *Beckley* applies with equal force to *all* of a returning veteran's rights under the Act, not some subset of those rights. While an employer is free to create both temporary and non-temporary positions, it cannot do so simply by designating a particular position as "temporary," if, in fact, the characteristics of that position make it non-temporary. In determining whether a particular position is temporary for purposes of the Act, an employer, and the Board in this case, must examine all of the relevant characteristics of the position, not simply the designation given to it by the employer or the employment contract.

What, then, is the test to be applied to determine whether a position is temporary or non-temporary? This court has previously defined temporary as " 'lasting for a time only,' or casual, as distinguished from regular." *Bryan v. Griffin*, 166 F.2d 748 (6th Cir. 1948). The *Bryan* court also expressed the opinion that employment terminable at will but for an "indefinite period" is non-temporary. In *Moe v. Eastern Air Lines*, 246 F.2d 215, 219 (5th Cir. 1957), the Fifth Circuit said, "Keeping in mind the purpose of the Act, we think that the controlling determination is whether, regardless of the contract of employment, there was a reasonable expectation that the employment would be continuous and for an indefinite time." Based upon this formulation of the test, the *Moe* court held that a probationary employee who, ultimately, successfully completes the probationary period, is in a non-temporary position.[1]

The "reasonable expectation" test stated in *Moe* is analogous to, and in accord with, the "reasonable certainty" test employed by the Supreme Court in assessing whether a particular benefit should be provided to a

returned veteran as if he had been continuously employed during his military service (the so-called "escalator principle"). See *Tilton v. Missouri Pacific R. R. Co.*, 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964), *Alabama Power Co. v. Davis*, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977), *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980). See also *Alber v. Norfolk & Western Railway Co.*, 654 F.2d 1271 (8th Cir. 1981). Since its formulation in *Moe* the test has been applied by numerous courts, *Hanna v. American Motors Corp.*, 557 F.2d 118 (7th Cir. 1977), *Martin v. Roosevelt Hospital*, 426 F.2d 155 (2nd Cir. 1970), *Buckner v. Johnson Motors*, 425 F.2d 75 (7th Cir. 1970), *Collins v. Wierton Steel Co.*, 398 F.2d 305 (4th Cir. 1968), *Davis v. Halifax County School System*, 508 F.Supp. 966 (E.D.N.C. 1981), *Cox v. International Longshoremen's Ass'n, Local 1273*, 343 F.Supp. 1292 (S.D. Tex.1972).

■ Like every court that has expressly considered the issue, we think that the appropriate test for determining whether a position is "other than temporary," and therefore subject to the reemployment rights of returning veterans, is whether the veteran, prior to his entry into military service, had a reasonable expectation, in light of all of the circumstances of his employment, that his employment would continue for a significant or indefinite period.

The addition of the word "significant" is important because the test has traditionally been stated only in terms of employment for an indefinite period. This language was apparently used because most courts have been concerned with employments terminable at will. The inclusion of indefinite employments within the protections of the Act started out, as in *Moe*, as an *extension* of veterans' reemployment rights in accord

---

1. In so holding, the Court distinguished *Venzel v. United States Steel*, 209 F.2d 185 (6th Cir. 1953), which held that a probationary employee was temporary within the meaning of the Act. *Venzel's* ultimate holding has been vitiated by subsequent decisions, particularly, *Tilton v. Missouri Pacific R. R., infra.* As to its statement that the provisions of a collective bargaining agreement "must be considered" in determining whether a position is temporary, this is still good law. We hold only that the designation used in the agreement is not controlling and that the agreement in its entirety, along with other circumstances, must be considered in making the determination.

with the "liberal construction" to be given the Act, see *Fishgold v. Sullivan Drydock & Repair*, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946).

The respondent agency in this case attempts to rely on the "indefinite period" language of the *Moe* test as a *limitation* on the rights of veterans. It asserts that an employee hired for a definite term is necessarily excluded from the protections of the Act since such employment lasts "for a time only." We agree with the Second Circuit's comments in that regard in *Martin v. Roosevelt Hosp., supra*:

> We start from the point that the mere fact that an employee was hired for a fixed term which has expired does not make the position "temporary" within the meaning of the statute. To read the act that way would entail the absurdity that an employee having the protection of a fixed period of employment would be worse off than one who could be discharged at will.

426 F.2d at 159. Even more absurd would be the assertion that an employee hired for a definite period which had *not* expired upon his return from military service would nevertheless not be entitled to reemployment.

■ Therefore, the fact that a returning veteran's employment would have foreseeably come to an end at some time in the future, does not, by itself, exclude the veteran from enforcing the right to reemployment granted by the Act. This is particularly true in this case, in which the petitioner was hired for a particular construction project which began in 1973, has been delayed several times, and, even now, is not scheduled for completion until 1984. Thus, although presumably this particular construction project will eventually be completed, the ending date of the petitioner's employment was never "definite" by any reasonable standard.

Perhaps the best way to characterize the type of employment excluded from the Act is, as expressed in *Bryan v. Griffin, supra*, "casual, as distinguished from regular" employment. This is equivalent to the test already stated, since "casual employment" may be properly understood, in this context, as employment which does *not* entail any expectation of continued employment for a significant or indefinite period. That part of the *Bryan* definition which focuses on duration, i.e. "lasting for a time only" should be amended to state "lasting for a [short] time only."

■ Moreover, a seasonal employee who is hired for a short period only, but nevertheless has a reasonable expectation of reemployment on a regular basis in the future, enjoys a right to reemployment on the same basis that he would have enjoyed had he not been called to military service. *United States ex rel. and for the Use and Benefit of Stanley v. Wimbish*, 154 F.2d 773 (4th Cir. 1946). Thus, one who holds a job sporadically, with periodic lay-offs, but accumulates preferential hiring rights, does not ordinarily hold a temporary position, see *Cox v. International, supra*. The accumulation of preferential hiring rights makes the position non-temporary by investing it with an expectation of reemployment. These are clearly the kinds of benefits which Congress intended to protect from forfeiture by virtue of military service.

In fact, the prior accumulation of any seniority or length of service benefit which would otherwise be protected by the Act, see *Coffy v. Republic Steel Corp., supra, Alabama Power Co. v. Davis, supra*, is itself evidence that the returning veteran held something other than a temporary position. The accumulation of seniority-related benefits would not normally be a characteristic of a temporary position, as that term is used in the Act, i.e. a "casual" position.

Because the Merit Systems Protection Board did not conduct a hearing, and made virtually no findings of fact to support its conclusion, we cannot say whether the petitioner's position with TVA was temporary or non-temporary. There is at least evidence, however, that it was non-temporary. For instance, the fact that petitioner was hired for the life of a long-term construction project which is still underway, is evidence that his job was non-temporary. The

petitioner claimed, in his written submissions to the Board, that he was accumulating pension benefits during his employment with TVA. Since pension benefits are normally perquisites of seniority, see *Coffy, supra*, this would also, if true, be evidence that his position was non-temporary. Additionally, it is not disputed that the TVA, while denying petitioner reinstatement to his former position, offered him employment as a "new" worker. This admitted distinction between old and new workers, indicating the existence of seniority-related benefits or characteristics of employment, is also evidence supporting petitioner's claim for reemployment.

Conversely, the fact that petitioner might have been subjected to periodic lay-offs during the term of the project does not make it a temporary position. See discussion *supra*. A returning veteran may have a right to reinstatement even if his former position is already in a laid-off status. In this case, the veteran is to be reemployed in a laid-off status, see *Coffy v. Republic Steel, supra*.

█ Because the Merit Systems Protection Board did not consider those factors which are required to be considered by the Act, and did not apply the correct legal standard, we find that its decision in this case was not supported by substantial evidence, was arbitrary, and was not in accordance with law. The decision must therefore be set aside under 5 U.S.C. § 7703(c)(1) and (3). This cause is REMANDED to the Merit Systems Protection Board for further proceedings in accordance with this opinion.

IT IS SO ORDERED.