753 F.2d 1067
 117 L.R.R.M. (BNA) 2912, 102 Lab.Cas. P 11,230
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Michael Chesna, Plaintiff Appellee
v.
International Fueling Company, Inc., Defendant-Appellant.
 No. 84-1190.
 United States Court of Appeals, First Circuit.
 Oct. 12, 1984.
 
 1
 Before COFFIN, Circuit Judge, ALDRICH and SKELTON,* Senior Circuit Judge.
 
 PER CURIAM
 
 2
 Appellant International Fueling Co., Inc., appeals a decision by the United States District Court for the District of Massachusetts holding appellant liable for violating 38 USC Sec. 2021(b)(3). That section states that any person who holds a position other than a temporary position with a private employer "shall not be denied retention in employment or any other promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces."
 
 
 3
 The pertinent facts in this case are as follows. Appellee Michael W. Chesna was hired by appellant on May 15, 1979, as an aircraft fueler in Bedford, Massachusetts. Chesna was a full-time employee, working from 3:30 p.m. to 11:00 p.m. on weekdays, and varying hours on the weekends. He also attended East Coast Aero Technical School, where he was studying to obtain a federal aircraft mechanic's license. Such a license would enable him to eventually find employment as an aircraft mechanic at an hourly wage substantially higher than that which he received for fueling planes.
 
 
 4
 On September 15, 1979, Chesna enlisted with the Naval Reserves for a two-year commitment which required him to drill one weekend a month. Chesna approached his supervisor, James Mullally, and informed him of his reserve commitment. He inquired whether some arrangement could be made in his schedule so that he might meet his obligation. The record does not indicate that he asked for preferential treatment or a guarantee of continued full-time employment.
 
 
 5
 Mullally then stated something to the effect of "we can't have that" or "we can't use you, then." Chesna reacted to this by swearing at Mullally and banging a radio down on a desk. After more angry words were exchanged, Mullally told him, "If that's the way you feel, you may as well punch your card out and go home." Mullally did not testify at trial, but another supervisor for appellant, Thomas Ouillette, testified that the following day Mullally told him, "we had to let Michael (Chesna) go because he joined the reserves." Furthermore, Charles Davis, a retired attorney for the Judge Advocate General's Office who investigated Chesna's complaint, testified that appellant's manager, James Cronan, stated to him that Chesna's "reserve commitment would preclude his working at International Fueling."
 
 
 6
 The District Court's decision that appellant violated 38 USC Sec. 2021(b)(3) is based upon findings that Chesna was not a temporary employee and that appellant fired him because of his reserve obligation. These findings of fact may not be overturned by this Court unless they are clearly erroneous. Fed.R.Civ.P. 52(a). We have determined that there is ample evidence in the record to support these findings. Chesna testified that no definite time period was ever discussed concerning the duration of his employment. He was a full-time employee and the evidence does not indicate that he was referred to as a temporary employee in any of his employer's records. The fact that he contemplated changing jobs at some point in the future after graduating from school does not make his employment "temporary." Under a standard such as this, practically all employment would be temporary, because most people would change jobs if a better opportunity presented itself. The critical consideration is that Chesna had a reasonable expectation that his employment would continue for a significant or indefinite period, at least until his increased education and skill qualified him for another position. See Stevens v. Tennessee Valley Authority, 687 F.2d 158, 161 (6th Cir.1982). We find no error in the District Court's finding that Chesna was not a temporary employee.
 
 
 7
 Likewise, the finding that appellant fired Chesna because of his reserve duties has substantial support in the record. Although violent and profane language may under other circumstances be sufficient reason to fire an employee, the record supports the District Court's view that this was not the motive for Chesna's dismissal. The entire confrontation between Chesna and Mullally began when Chesna informed Mullally of his reserve obligation. Mullally admitted in a conversation with Ouillette that Chesna was dismissed because he joined the reserves. Although the evidence may be susceptible to other interpretations, we cannot substitute our own views for those of the District Court.
 
 
 8
 Appellant argues that the District Court used the wrong legal standard in that it did not require that Chesna's dismissal be due solely to his reserve status. Appellant cites Monroe v. Standard Oil Co., 452 U.S. 549, 69 L.Ed.2d 226, 101 S.Ct. 2510 (1981) for the proposition that if an employee is dismissed for any reason other than reserve status then no violation has occurred. We do not feel it necessary to determine whether Monroe requires reserve status to be the sole reason for dismissal or simply a reason, for we read the District Court's decision to satisfy the more stringent standard. It stated in its opinion, "I find, however, that defendant's motive in firing Chesna was not his outburst, but his reserve obligation." This finding is sufficient under Monroe to support a holding that 38 USC Sec. 2021(b)(3) has been violated.
 
 
 9
 The judgment of the District Court is affirmed.
 
 
 10
 Affirmed.
 
 
 
 *
 Of the Federal Circuit, setting by designation