Jimmy R. **FANN**, Plaintiff,

v.

**E.C. MODLIN**, Director, Cumberland County, North Carolina Department of Social Services, Defendant.

**No. 87–27–CIV–3.**

United States District Court,
E.D. North Carolina,
Fayetteville Division.

Jan. 26, 1988.

William H. Berger, U.S. Dept. of Labor, Atlanta, Ga., Paul M. Newby, Asst. U.S. Atty., Raleigh, N.C., for plaintiff.

Robert P. Joyce, Barber & Joyce, Pittsboro, N.C., for defendant.

### ORDER

DUPREE, Senior District Judge.

Plaintiff brings this action alleging that defendant's termination of plaintiff from his position as an Eligibility Specialist I violated the Veterans' Reemployment Rights Act, 38 U.S.C. § 2021. Plaintiff seeks a declaratory judgment that the termination was in violation of this Act, reinstatement, compensation for lost wages and other benefits, pre- and post-judgment interest and costs. The action is before the court on defendant's motion to dismiss on the ground that plaintiff has failed to state a claim upon which relief may be granted. F.R.Civ.P. 12(b)(6). The motion will be denied.

Plaintiff alleges that he, as a member of the North Carolina Army National Guard, sought a two-week military leave from his employer for the purpose of military training during July 24, 1983 through August 6, 1983. Defendant admits in his answer that such leave was denied and plaintiff thereafter was terminated because of "unexcused absence from work."

Plaintiff further alleges that his termination violated the Veterans' Reemployment Rights Act (the Act), 38 U.S.C. § 2021, and in particular, Section 2021(b)(3). Defendant contends plaintiff has failed to allege that he was still qualified for employment within the meaning of the Act and therefore moves for dismissal.

■ The manifest purpose of the Act is to insure that a veteran or reservist who is forced to be absent from his (or her) civilian employment by reason of military leave will not be penalized upon his return. *See Monroe v. Standard Oil Company*, 452 U.S. 549, 101 S.Ct. 2510, 69 L.Ed.2d 226 (1981). Subsection (a) of Section 2021 provides for the reemployment of a person who, while in the employ of a government or private employer, leaves his employment by reason of induction into the Armed Forces of the United States. 38 U.S.C. § 2021(a). Such "reemployment" is to be to the same or a similar position if the veteran is "still qualified" for such a position. *Id.* § 2021(a)(A)(i), (a)(B)(i). If "not qualified to perform the duties of such position, by reason of disability sustained during such [military] service," then the veteran is to be offered employment in some other position which he is qualified to perform and which will provide like seniority, status and pay, or the nearest approximation thereof. *Id.* § 2021(a)(A)(ii), (a)(B)(ii). Subsection (b)(3) provides as follows: "Any person who seeks or holds a position described in clause (A) or (B) of subsection (a) of this section shall not be denied hiring, retention in employment, or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces." *Id.* § 2021(b)(3) (Supp.1987). The purpose of subsection (b)(3) is " 'to prevent reservists and National Guardsmen not on active duty who must attend weekend drills or summer training from being discriminated against in employment because of their Reserve membership ....' " S.Rep.No. 1477, 90th Cong., 2d Sess., 1–2 (1968)." *Monroe*, 452 U.S. at 557, 101 S.Ct. at 2515.

■ Defendant moves to dismiss the instant complaint on the sole ground that plaintiff has failed to allege that he is "still qualified" for reemployment in his former position. In support of his motion defendant cites to *Trusteed Funds v. Dacey*, 160 F.2d 413 (1st Cir.1947); *Bryan v. Griffin*, 166 F.2d 748 (6th Cir.1948); *Wonnacott v. Denver & Rio Grande Western Railroad Company*, 187 F.2d 607 (10th Cir.1951). The court does not find defendant's citations persuasive because they concern the reemployment of veterans under 38 U.S.C. § 2021(a) and not reservists under Section 2021(b)(3). Independent inquiry further reveals that defendant's motion is without merit.

First, the reference within subsection (b)(3) to "[a]ny person who ... holds a

position described in clause (A) or (B) of subsection (a)" concerns whether the veteran's previous employer was either a civilian or governmental entity. The court does not read the reference as imposing any "qualified" or "not qualified" determination.

Second, subsection (b)(3) was designed to protect reservists or guardsmen from discharge other than for good cause unrelated to their membership. *Weber v. Logan County Home for the Aged*, 623 F.Supp. 711, 714 (D.N.D.1985) (citing *Monroe*, 452 U.S. at 559–60, 101 S.Ct. at 2516–17). Thus, it appears that plaintiff need only show that his discharge was due to his membership in the Guard, and, if he does so show, the burden then shifts to the employer to prove the discharge was for good cause. *Id.* at 714–15, and authorities cited therein.

Finally, not requiring plaintiff to plead that he is "still qualified" for his former position only makes sense. In subsection (a) Congress was concerned with veterans who returned from *active* military service after being *inducted* into such service. *See* 38 U.S.C. § 2021(a). In contrast, subsection (b)(3) concerns "reservists and National Guardsmen not on active duty who must attend weekend drills or summer training." Indeed, weekend drills and summer camps are not expected to result in the loss of limbs or sensory abilities and the like, whereas incurring such disabilities are a likelihood in active military service, especially in times of conflict. Hence, Congress had reason to be concerned about veterans who are no longer qualified to perform the duties associated with their former position because of disability sustained during active military service. Such considerations simply are not present with respect to membership in the military reserves or National Guard.

Based on the foregoing, the court finds that plaintiff is not required to allege that he is "still qualified" to perform the duties of his previous employment. Hence, defendant's motion to dismiss on the ground that plaintiff has failed to state a claim upon which relief may be granted is denied.

SO ORDERED.