ARSENAULT v MAYOR OF TAYLOR

Docket No. 44028. Submitted May 21, 1980, at Detroit.—Decided July 22, 1980. Leave to appeal applied for.

Greg Arsenault was hired by the City of Taylor as a police cadet. He completed the police cadet training program, along with several other cadets, and was certified as eligible for a probationary police officer position. After certification, he received unfavorable recommendations from his commanding officers. The other applicants were appointed, but he was fired with two weeks notice. He brought an action against the City of Taylor, the Mayor, the Personnel Director and the Police Chief in the Wayne Circuit Court, for a writ of mandamus to compel his appointment as a probationary police officer. The court, Joseph B. Sullivan, J., granted summary judgment for defendants. Plaintiff appeals, alleging that he was entitled to notice and hearing prior to his dismissal as a requirement of due process and under the act providing civil service protection for municipal police and firemen. *Held:*

Plaintiff was not entitled to a hearing under either theory.

Affirmed.

MUNICIPAL CORPORATIONS — CIVIL SERVICE — POLICE CADETS — STATUTES — DUE PROCESS.

A person who was hired by a city to undergo the police cadet training program, was certified as eligible for a probationary police officer position and who was fired after receiving unfavorable recommendations from his commanding officers is not entitled to prior notice and a hearing either by operation of the statute providing for civil service protection for municipal police and firemen or as a due process requirement (MCL 28.513, 38.514; MSA 5.3363, 5.3364).

*LaBarge & Dinning, P.C.* (by *Ronald H. Greve),* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
[1] 15A Am Jur 2d, Civil Service §§ 56, 57.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Raymond W. Morganti* and *John P. Jacobs*), for defendants.

Before: D. E. Holbrook, Jr., P.J., and V. J. Brennan and S. Everett,* JJ.

D. E. Holbrook, Jr., P.J. Plaintiff was hired by the defendant City of Taylor as a police cadet. The police cadet training program is governed by MCL 38.521; MSA 5.3372(1), and is funded by the Comprehensive Employment Training Act. He was certified along with five other applicants as eligible for a probationary police officer position. After certification, defendants received unfavorable recommendations from plaintiff's commanding officers. The other five applicants were appointed, but plaintiff was fired with two weeks notice. He now seeks a writ of mandamus to compel appointment as a probationary police officer. In granting summary judgment for defendants, the lower court held that the appointment of a police officer is a discretionary act.

Plaintiff's first contention is that he could not be discharged without notice of charges and a hearing before the Civil Service Commission under MCL 38.514; MSA 5.3364, which provides:

"No member of any fire or police department within the terms of this act shall be removed, discharged, reduced in rank or pay, suspended or otherwise punished except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such actions * * *."

We do not feel that plaintiff was entitled to such

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a hearing because of MCL 38.513; MSA 5.3363, which provides: "the provision of this act shall not apply to temporary and exceptional appointments made under the authority of this act". The statute under which plaintiff was hired provides:

"A person enrolled in the [police cadet training] program shall not fulfill any functions, other than administrative, of a policeman until he receives a favorable recommendation from the appointing officer to the civil service commission or to the appointing authority where there is no civil service commission. A police cadet recommended for advancement to policeman shall receive preferential consideration for the position over other applicants." MCL 38.521; MSA 5.3372(1).

Plaintiff was strictly a civilian employee within the City of Taylor police department. He held a temporary administrative position and was not allowed to perform any of the functions of a policeman. Therefore, he was not entitled to receive the same notice and hearing prior to discharge that would be afforded an actual policeman.

Plaintiff further contends that, even if he was not entitled to a hearing under the statute, he would be entitled to a hearing under due process of law. His reliance upon *Board of Regents of State Colleges v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972), is misplaced. That Court upheld the dismissal of a probationary teacher without a hearing, holding that the teacher did not have a property interest sufficient to require the college to give him a hearing:

"Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.,* 577.

We find *Bishop v Wood,* 426 US 341; 48 L Ed 2d 684; 96 S Ct 2074 (1976), to be persuasive authority. In *Bishop, supra,* a North Carolina policeman was fired without a hearing after two years employment. It was held that the state law did not grant that plaintiff a property interest protected by the due process clause. Likewise, the instant plaintiff does not have a protectable property interest either by law or contract. He does not by statute qualify as a police officer and the cadet training act does not confer any guarantee upon him other than preferential consideration for permanent employment.

The fact that plaintiff was certified by the Civil Service Commission does not entitle him to an appointment as a probationary police officer. The general procedure by which an individual becomes a policeman is provided for by MCL 38.511(b); MSA 5.3361(b):

"The appointing officer shall notify the civil service commission of any vacancy in the service which he desires to fill, and shall request the certification of eligibles. The commission shall forthwith certify, from the eligible list, the name of the person who received the highest average at preceding examinations held under the provisions of this act within a period of 2 years next preceding the date of such appointment. The appointing officer shall, thereupon, with sole reference to the relative merit and fitness of the candidate, make the appointment so certified."

Certification of eligibility is a step preceding the official appointment. It means nothing more than that the individual passed the physical and competitive examinations. Authority is given to appoint with reference to the relative merit and fitness of the candidate. There is a public policy concern for the lives and liberties of the general

citizenry. As police officers' actions reflect upon the integrity of the law, it is important that these individuals be mature, competent, morally fit and dependable.

As previously mentioned, a cadet is not allowed to fulfill any of the functions of a policeman until he has received a favorable recommendation from the appointing officer. The words "favorable recommendation" manifest a grant of discretion to the appointing officer. As the Mayor of Taylor did not give the favorable recommendation, and could not be ordered to do so, plaintiff was rightfully denied the appointment as a probationary officer.

Plaintiff's last contention is that he is entitled to a presumption that a favorable recommendation was given. We are not persuaded. Although some records concerning his performance as a cadet were missing, they were missing for all cadets. Furthermore, such personnel records have absolutely no relation to the existence or nonexistence of a "favorable recommendation" from Mayor Zub. Plaintiff has not presented any evidence that such a favorable recommendation was ever given. To the contrary, plaintiff's statement of facts describes an incident involving a close personal friend of the mayor which indicates in plaintiff's opinion a possible explanation for the mayor's failure to give him a favorable recommendation. We reiterate our holding that a favorable recommendation by the mayor is a discretionary act. A writ of mandamus is not available to compel the issuance of a favorable recommendation.

Affirmed. No costs. A public question involved.