John H. STEVENS, Petitioner,

v.

TENNESSEE VALLEY AUTHORITY, Respondent.

No. 80-3763.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 1983.

Robert S. Olive, Knoxville, Tenn., for petitioner.

Herbert S. Sanger, Jr., General Counsel, Tennessee Valley Authority, Justin M. Schwamm, Sr., Larry S. Bush, Thomas C. Doolan, Knoxville, Tenn., for respondent.

Before LIVELY and KRUPANSKY, Circuit Judges, and MILES *, Chief District Judge.

## ORDER DENYING PETITIONS FOR REHEARING

The petitioner, a member of the Tennessee Army National Guard, brought this action for review of a final decision of the Merit Systems Protection Board (MSPB) which ruled that the petitioner's former position with the Tennessee Valley Authority (TVA) was a "temporary" one which did not entitle him to restoration rights under the Vietnam Era Veteran's Readjustment Assistance Act, 38 U.S.C. § 2021, et seq. (1976 & Supp. IV 1980), after he had been ordered on active duty. The original two issues on appeal were: (1) whether the petitioner was denied certain procedural rights, including a statement of reasons for the

refusal to reinstate him and a notice of his right to appeal, and (2) whether the MSPB applied an incorrect standard in determining that the position was "temporary" within the meaning of the act. This Court decided the appeal solely on the latter issue on the basis of a May 3, 1982, letter to the Clerk of this Court from petitioner's counsel withdrawing the procedural issues. We remanded the case to the MSPB finding that the board's decision was not supported by substantial evidence, was arbitrary, and was not in accordance with law. 687 F.2d 158 (6th Cir.1982). Now before the Court are cross petitions for rehearing. Petitioner Stevens argues that through inadvertence of his counsel his procedural claims were withdrawn. Counsel apparently intended to withdraw issues in another case which had the same caption but a different docket number. The petitioner therefore requests that the Court rehear the case and modify its judgment if necessary. The respondent TVA's petition for rehearing includes two arguments. First, on the basis of *Ford Motor Co. v. EEOC,* —— U.S. ——, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982), which was decided subsequent to oral argument of this case but before this Court rendered its opinion, it contends that it made unconditional offers of reemployment to the petitioner which preclude him from seeking relief. Second, TVA maintains that because it is a federal agency, not a private employer, it should not be restricted from determining an employee's status at the outset of employment.

Petitioner Stevens' claims are unpersuasive. Although counsel's representations as to the inadvertent withdrawal of certain issues appear truthful, a remand of this case more than adequately protects the petitioner's interests. He may ultimately prevail on the merits thus obviating the need for a resolution of the procedural issues. Moreover, whatever procedural defects may have existed are likely to be cured by the remand. If the MSPB again

* Hon. Wendell A. Miles, Chief Judge, United States District Judge for the Western District of Michigan, sitting by designation.

denies the petitioner procedural rights to which he believes he is entitled, he will have a basis for an appeal. Although a second appeal may appear to be circuitous, it is no more so than if the Court were now to rehear the case and modify its judgment when there may be no need.

■ Respondent TVA's arguments also are without merit. The respondent relies on *Ford Motor Co. v. EEOC,* 102 S.Ct. 3057 (1982), contending that the petitioner had a duty to accept its unconditional offers of reemployment and then present his claim for restoration with full seniority to the MSPB. First, the record in this case does not support the TVA's claim that the plaintiff received any unconditional offers of reemployment because the MSPB held no evidentiary hearing and made no detailed findings of fact. Although the parties entered into a stipulation of facts in a related case, this court is not required to take judicial notice of it. Moreover, the stipulation is inconclusive on the question of whether the respondent extended offers which were in fact unconditional. It only confirms the need for further fact-finding in this matter. Second, even if the respondent extended such offers, *Ford Motor Co.* is inapposite. In *Ford Motor Co.* the Supreme Court held that an employer, charged with employment discrimination under Title VII of the Civil Rights Act, is able to toll the accrual of back pay liability under the act by unconditionally offering the claimant the job which he had sought. *Id.* 102 S.Ct. at 3066; *see* 42 U.S.C. § 2000e–5(g) (1976). The Court concluded that the employee's rejection of an unconditional offer establishes that the employee "considers the ongoing injury he has suffered at the hands of the defendant to have been ended by the availability of better opportunities elsewhere." 102 S.Ct. at 3069.

The back pay provisions of Title VII of the Civil Rights Act and the Vietnam Era Veteran's Readjustment Assistance Act are entirely different statutory schemes. Under Title VII, for example, an employee who has been discriminated against is not entitled to back pay automatically. Reinstatement or hiring may be with or without back pay, and the decision whether to make an award is in the court's sound discretion. 42 U.S.C. § 2000e–5(g). Moreover, the court must make a finding of intentional discrimination by the employer.

The Vietnam Era Veteran's Readjustment Assistance Act, however, provides that when an employee in "other than a temporary position" is ordered on active duty with the national guard, he leaves his civilian employment with specific statutory guarantees. 38 U.S.C. § 2021, 2024. Among these rights are the restoration to one's former position without loss of seniority, participation in insurance and other benefit programs without penalty for one's absence while in the service, and protection from discharge without cause for one year after reemployment. *Id.* § 2021(b)(1). The veteran is to be considered to have been on furlough or a leave of absence for the length of his military service. *Id.* These guarantees are not subject to a court's discretion and are not dependent upon the intent of the employer.

To adopt the respondent's position that a veteran must accept an offer of reemployment and then take his claim for seniority status to the MSPB thwarts the literal terms of the statute and demeans the value of the veteran's service to his country. To preserve his right to reemployment, or claim for damages against his former employer, a veteran need not accept an offer of reemployment which extends anything short of the statutory guarantees.

The court, for the reasons stated above, also sees no merit in respondent TVA's argument which would permit a federal agency to define whether veterans whom it hires are subject to the protection of the Vietnam Era Veteran's Readjustment Assistance Act.

The petitions for rehearing are therefore DENIED.

IT IS SO ORDERED.