**Douglas K. SCHILZ, Plaintiff,**

v.

**CITY OF TAYLOR, MICHIGAN and Fire and Police Civil Service Commission, an Office of the City of Taylor, Defendants.**

No. 85–CV–73300–DT.

United States District Court, E.D. Michigan, S.D.

July 22, 1986.

Karl Overman, Detroit, Mich., for plaintiff.

Allen Kovinsky, Matthew Curtis, Southfield, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

Plaintiff brought this action pursuant to the Veterans' Re-employment Rights Act, 38 U.S.C. § 2021, *et seq.*, contending that defendants have unlawfully denied him the police officer's (patrolman's) seniority date which he would have attained but for his intervening military service. The case is presently before the Court for final disposition on plaintiff's and defendants' cross-motions for summary judgment as so stipulated by counsel.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *United States v. Diebold*, 368 U.S. 894, 82 S.Ct. 171, 7 L.Ed.2d 91 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

## I. FACTS

Plaintiff in this case was initially employed by defendants on March 20, 1972 as a police cadet. On May 10, 1972, plaintiff left his position as a police cadet in order to enter military service. Plaintiff served in the United States Army until his honorable discharge on May 15, 1975.

Upon his discharge from the service, plaintiff made timely application for, and was reinstated to his pre-military position of police cadet by defendants on June 9, 1975. On June 16, 1975, plaintiff was enrolled in the police officer training program and upon the completion of same, was promoted to the position of probationary patrolman with a seniority date of August 4, 1975. Plaintiff successfully completed his one year probationary period on August 4, 1976 and was then appointed to his current position, Corporal, on August 15, 1983.

Plaintiff then commenced the instant suit on July 24, 1985 following a series of communications with the Department of Labor. By way of the instant complaint, plaintiff contests his current patrolman's seniority date of August 4, 1975. Plaintiff claims that but for his absence in the military service, he would have been awarded a seniority date of June 15, 1973. To this end, plaintiff asserts a statutory right to such an earlier seniority date under the Veterans' Re-employment Rights Act.

Defendants, in response, contest plaintiff's alleged entitlement to the June 15, 1973 seniority date for three reasons. First, defendants argue that the entire claim is barred by the doctrine of laches.

Second, defendants argue that, even if the claim is not barred, plaintiff was a "temporary employee" within the meaning of the Act and not entitled to the Act's protections. Lastly, defendants argue that plaintiff's promotion to patrolman was discretionary and that he cannot show with reasonable certainty that he would have advanced to that position but for his military service time.

## II. OPINION

■ Initially, the Court finds that plaintiff's claim is timely and, hence, not barred by the doctrine of laches. Since no state statutes of limitation apply to proceedings under the Act, 38 U.S.C. § 2022 (West Supp.1986), the sole limitation on such actions is the doctrine of laches. In cases under the Act, laches is comprised of two elements: inexcusable delay by the plaintiff in bringing suit and prejudice to the defendants resulting from that delay. *Stevens v. Tennessee Valley Authority*, 712 F.2d 1047, 1056 (6th Cir.1983).

■ In this case, any dispute as to delay is not controlling. The affidavit of plaintiff asserts no knowledge of the alleged wrongful withholding of seniority until on or around December of 1982. (Schilz Aff. ¶ 9.) Defendants, however, contest the accuracy of this affidavit in their response to plaintiff's motion for summary judgment. Nonetheless, even assuming a factual dispute as to the date of plaintiff's knowledge of the alleged wrongdoing,[1] the Court finds that defendants have failed to allege sufficient prejudice to their case as a result of plaintiff's July 24, 1985 filing date. In this regard, defendants' vague fears of "disruption" in the police department and the out-of-state residency of an alleged material witness are simply insufficient prejudice to completely bar plaintiff's case. Accordingly, the Court concludes that "overall fairness," *Stevens, supra* at 1056, dictates a finding that the case herein is timely filed.

The Court, therefore, turns to the merits of the case.

The Veterans' Re-employment Rights Act provides, in relevant part, as follows:

(a) In the case of any person who is inducted into the Armed Forces of the United States under the Military Selective Service Act (or under any prior or subsequent corresponding law) for training and service and who leaves a position (other than a temporary position) in the employ of any employer in order to perform such training and service, and (1) receives a certificate described in section 9(a) of the Military Selective Service Act (relating to the satisfactory completion of military service), and (2) makes application for reemployment within ninety days after such person is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

\* \* \* \* \* \*

(B) if such position was in the employ of a State, or political subdivision thereof, or a private employer, such person shall—

(i) if still qualified to perform the duties of such position, be restored by such employer or the employer's successor in interest to such position or to a position of like seniority, status, and pay;

38 U.S.C. § 2021(a)(B)(i)

Thus, simply stated, the Act provides that any person inducted into the Armed Forces of the United States, who leaves a permanent position to perform military training and service must, if still qualified, be restored to such position or a position of like seniority, status, and pay upon discharge. *Id.*

■ The first level of inquiry requires that the Court distinguish between a "permanent" and a "temporary" position. Unfortunately, the statute itself provides no definition of these inherently nebulous

---

1. The Court notes that defendants have not submitted any countervailing affidavits bearing on the knowledge issue.

terms. *See, e.g., Bryan v. Griffin,* 166 F.2d 748, 750 (6th Cir.1948). Nevertheless, courts interpreting the statute have defined "temporary" extremely narrowly and have accorded "permanent" status to a wide variety of employment arrangements. *See, e.g., Stevens v. Tennessee Valley Authority,* 687 F.2d 158, (6th Cir.1982) *reh'g denied,* 699 F.2d 314 (1983) (short term seasonal employee regarded as permanent); *Martin v. Roosevelt Hospital,* 426 F.2d 155 (2d Cir.1970) (doctor with four year employment expectation held permanent position); *Collins v. Weirton Steel Co.,* 398 F.2d 305 (3d Cir.1968) (probationary employee with unfulfilled employment contingencies held permanent position); *Moe v. Eastern Air Lines, Inc.,* 246 F.2d 215 (5th Cir.1957) *cert. denied,* 357 U.S. 936, 78 S.Ct. 1380, 2 L.Ed.2d 1550 (1958) *reh'g denied,* 358 U.S. 858, 79 S.Ct. 13, 3 L.Ed.2d 92 (1958) (probationary employee with unfulfilled employment contingencies held permanent position); *Cox v. International Longshoreman's Ass'n.,* 343 F.Supp. 1292 (N.D.Tx. 1972) *aff'd,* 476 F.2d 1287 (5th Cir.1972) *cert. denied,* 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973) (employee at will held permanent position). On this point, the Sixth Circuit has stated the appropriate inquiry thusly:

> We think that the appropriate test for determining whether a position is "other than temporary" ... is whether the veteran, prior to his entry into military service, had a reasonable expectation, in light of all of the circumstances of his employment, that his employment would continue for a significant or indefinite period.

*Stevens,* 687 F.2d at 161.

In light of the foregoing authority, the Court has little difficulty in concluding that plaintiff held a position "other than temporary" for purposes of the Veterans' Re-employment Rights Act. Although defendants have introduced the affidavit of a city official indicating that plaintiff's position was temporary, the Court notes that the terms "temporary" and "permanent" are *legal,* not *layman's,* definitions for purposes of the Act. As such, the official's opinion, while surely relevant, is not controlling. Moreover, the case cited by defendants on their behalf, *Arsenault v. Mayor of Taylor,* 98 Mich.App. 767, 296 N.W.2d 351 (1980), is not controlling since this is uniquely a matter of federal, not state, law.[2] Instead, the Court finds that plaintiff had a reasonable expectation of continued employment with defendant.[3] Plaintiff's job, therefore, as a police cadet with attendant probationary status qualifies as work that is "other than temporary."

■ Notwithstanding the above, the Court finds that any promotion from cadet to patrolman was a matter solely within the defendants' discretion. In discussing the restoration of veterans' employment and seniority, the United States Supreme Court observed:

> [C]ongress intended a reemployed veteran who, upon returning from military service, satisfactorily completes his interrupted training, to enjoy the seniority status which he would have acquired by virtue of continued employment but for his absence in military service. *This requirement is met if, as a matter of foresight, it was reasonably certain that advancement would have occurred, and if, as a matter of hindsight, it did in fact occur.*

*Tilton v. Missouri Pacific Ry. Co.,* 376 U.S. 169, 181, 84 S.Ct. 595, 602, 11 L.Ed.2d 590 (1964) (emphasis added); *accord, Pom-*

---

**2.** The *Arsenault* court, in discussing the rights of a City of Taylor police cadet, referred to his employment as a "temporary administrative position." 98 Mich.App. at 769, 296 N.W.2d 351. Moreover, the statute at issue in *Arsenault* dealt with the employment rights of state civil servants, Mich.Comp.Laws Ann. § 38.521, not federal law.

**3.** In this regard, the Court notes that defendants routinely advanced police cadets to the ranks of full patrolmen upon satisfactory completion of the cadet program and subsequent recommendation for promotion. Schilz Aff. ¶ 15.

*rening v. United Airlines, Inc.,* 448 F.2d 609 (7th Cir.1971).

The reasonable certainty requirement is met if the returning serviceman shows that advancement would have been awarded simply by virtue of continued employment. *McKinney v. Missouri-Kansas-Texas Railroad Co.,* 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958); *Goggin v. Lincoln St. Louis,* 702 F.2d 698 (8th Cir.1983). Alternatively, where a promotion is dependent on an employer's discretionary determination of fitness and ability, no right to automatic promotion adheres upon return to employment. *McKinney, supra* 357 U.S. at 272, 78 S.Ct. at 1226–27.

■ In this case, there was no reasonable certainty that plaintiff would have advanced to patrolman but for his military service. Although plaintiff's affidavit indicates that his fellow cadet peers were, in fact, promoted to patrolman, Schilz Aff. ¶ 15, plaintiff also admits that there were "no guarantees" that such promotion would occur. Schilz Dep. at 17–18. His promotion in a like manner, therefore, was subject to a "significant contingency." Priebe Aff. ¶ 5. *Raypole v. Chemi-trol Chemical Co., Inc.,* 754 F.2d 169, 175 (6th Cir.1985).

This conclusion is not inconsistent with the Court's contemporaneous holding that plaintiff held a position which was "other than temporary," *ante.* The mere fact that a position may be "other than temporary" does not automatically give rise to a reasonable certainty of promotion as plaintiff's would urge. Reasonable certainty of promotion in this regard requires more than a mere expectation of "indefinite" employment.

Nor is this a situation where plaintiff was a mere "probationary" employee who probably would have achieved earlier seniority by virtue of continued satisfactory employment. *See, e.g., Alabama Power Co. v. Davis,* 431 U.S. 581, 586, 97 S.Ct. 2002, 2005–06, 52 L.Ed.2d 595 (1977). To

this end, the record clearly indicates that plaintiff's patrolman probationary period did not come into being until plaintiff's return from military service.[4] "[W]here advancement depends on an employer's discretionary choice not exercised prior to entry into service, a returning veteran cannot show within the reasonable certainty required by the Act that he would have enjoyed advancement simply by virtue of continuing employment during the time he was in military service." *Tilton, supra* 376 U.S. at 180, 84 S.Ct. at 602. Similarly, since the employer's discretion here was not exercised prior to plaintiff's entry into the service, there is no reasonable certainty that promotion would have occurred.

Accordingly, plaintiff's motion for summary judgment is DENIED and defendants' motion for summary judgment is GRANTED as herein stated. This matter is hereby DISMISSED.

IT IS SO ORDERED.

---

4. For this reason, the instant case is unlike *Tilton, supra.* In *Tilton,* the discretionary promotion to the equivalent of an employee probationary status occurred *prior* to the plaintiff's entry into military service. 376 U.S. 172–73, 84 S.Ct. at 598–99.